## McELREATH v. MIDDLETON.

1. The plaintiff's attorney has authority to refer the matter in controversy in a pending suit to arbitration without the special permission of his client. *Wade* v. *Powell*, 31 *Ga.* 22; 1 Am & Eng. Enc. of L. 956; Morse on Arbitration, p. 15 *et seq.*; Weeks on Att'ys, §233, and cases cited.
2. The evidence not showing that the award was invalid for any reason, the verdict in opposition to the award was without evidence to support it.          *Judgment reversed.*

March 26, 1892. Argued at the last term.

Attorney and client. Arbitration and award. Before Judge FORT. Dooly superior court. March term, 1891.

Mrs. Middleton sued McElreath for balance due upon an account for board, $96.68, and obtained a verdict for that amount. Defendant's motion for new trial was overruled, and he excepted. The grounds of the motion were, that the verdict was contrary to law, evidence, etc., and contrary to the charge of the court in this : The court charged that if the award of the arbitrators showed that it was a mistake of law it might be reviewed and corrected, but if it was a mistake of the facts or evidence it must stand; that the jury could correct a mistake of law but not of fact.

The evidence for plaintiff was : The account was correct and unpaid. Defendant, his wife and children boarded with plaintiff several months, and the suit was for balance due for board. Plaintiff never submitted this matter to arbitration, nor did she authorize any one to do so for her. Her husband and defendant had an arbitration of certain disputed matters in relation to their mercantile business, and she knew at the time that

the arbitration was in progress, but did not know that this matter of board was being arbitrated, and if it was arbitrated it was done without her knowledge or consent. She did not appear before the arbitrators as a witness and did not testify at all. The account had been placed in the hands of Wooten, a lawyer, for collection, some time previous to the arbitration, and it was in his hands at that time. He was her attorney for the collection of this claim, both before and after the arbitration. Her husband was not her agent, and she attended to her own business. She rented the hotel, paid for it and managed it herself. She did not receive any of the money paid her husband by defendant. The account for board was sued in a justice's court, and she was represented by Wooten there. The account now sued is the same. She authorized her husband to collect this account both before and after the arbitration, and in the arbitration her husband submitted the account to his wife, but she did not authorize him to do so. She gave him the amount of the account. On the trial of the arbitration her husband swore that as to this account being the property of himself or his wife, it was six of one and half a dozen of another. While the suit on the account in the justice's court was pending, matters of dispute arose between Middleton and defendant, and an agreement was made to arbitrate. One of defendant's attorneys refused to sign an agreement for arbitration, because the controversy between Mrs. Middleton and defendant was not included in the submission, and himself prepared the submission hereafter stated, which was signed by Wooten as the attorney for Mrs. Middleton, because Middleton told him to collect this claim, Wooten supposed. Mrs. Middleton did not authorize Wooten to submit this matter to arbitration. The suit in the justice's court was dismissed and the cost paid by Middleton. Middleton testified, among

other things, that if defendant had paid the full amount of the award rendered against him, the present suit would never have been brought. The day before the arbitration McElreath stated to a witness that he owed Mrs. Middleton the amount of the account but would not pay it until their indebtedness to him was settled.

The defendant introduced a submission to arbitration, award, and a receipt. The submission recited that there existed matters in controversy between Middleton and McElreath in relation to the settlement of partnership business between them, and there was a further matter of controversy between Mrs. Middleton and McElreath in regard to a board bill, she claiming that he owed her for board of himself and family, and he claiming that he owed her nothing and if he owed any one for board it was Middleton and not Mrs. Middleton; that suits were proceeding, among them a suit by Mrs. Middleton in the justice's court to enforce the account; that all parties were willing to settle all their disputes and controversies without further litigation and agreed to leave all the matters mentioned above, etc. to two named arbitrators, one selected by Middleton and his wife and the other by McElreath, and another arbitrator chosen by the two arbitrators first mentioned; and that the parties further agreed that the award should be made the judgment of the superior court and should be final. This was signed by Wooten as attorney for Middleton and Mrs. Middleton, and by attorneys for McElreath. The award found, among other things, that McElreath should pay Middleton $681.09; that Middleton should pay the costs in the suit of Mrs. Middleton against McElreath; and that McElreath was due Mrs. Middleton nothing for board, nor for anything else. The receipt introduced was signed by Wooten as attorney for Middleton, and was for $531.09 "in full payment of the award made by the arbitrators in the matters of dispute

between R. S. Middleton and Mrs. M. L. Middleton and
T. P. McElreath." McElreath testified : He owed Mrs.
Middleton nothing. He boarded at the hotel at the
time in question, but went there under a contract of
board with Middleton, who was then his partner in
business. The account was the same as that which was
arbitrated. Wooten represented Mrs. Middleton in her
suit in the justice's court, withdrew the suit for the pur-
pose of submitting it to arbitration, and represented her
in the arbitration. Before the agreement to arbitrate
Wooten came to see witness about a submission to arbi-
tration, and witness refused to agree unless the differ-
ences between Mrs. Middleton and himself were also
submitted. (Wooten testified he did not remember this.)
Wooten then said he would see Mrs. Middleton in re-
gard to it, and after a time returned and said she was
willing to arbitrate, and witness then agreed to submit
all their differences to arbitration. The reason why
there is a difference between the amount of the award
and the amount of the receipt is, that witness had paid
Middleton $150, which fact the arbitrators lost sight of
in making the award and did not give him credit for it,
and witness refused to pay the award on this account.
Middleton agreed to deduct this amount from the award
and did so, and witness then paid it. On the arbitra-
tion trial Middleton swore that what was his and what
his wife's was six of one and half a dozen of another.
After the arbitration the justice's court suit was dis-
missed and the costs paid by Middleton or his wife.
There was other testimony for McElreath, that the board
bill was brought up in the arbitration, Mrs. Middleton
not appearing as a witness ; that the justice court suit
was dismissed and Middleton paid the cost, etc. One of
the arbitrators testified that he did not remember
whether Mrs. Middleton's account was submitted to
them, and that she was not present.

MARTIN & SMITH, BUSBEE & CRUM and W. BRUNSON, for plaintiff in error.

PATE & WARREN and G. W. WOOTEN, *contra.*