## LANIER v. NUNNALLY & COMPANY.

While equity has jurisdiction to set aside a judgment obtained through the perpetration of a fraud, it must be made to appear, in an application made for this purpose, that the fraud was perpetrated by the adverse party, or his counsel or agents.

Submitted April 18,—Decided May 16, 1907.

Petition for injunction. Before Judge Brand. Walton superior court. December 21, 1906.

*Lewis C. Russell,* for plaintiff.

COBB, P. J. This was an application for an injunction by Mrs. M. E. Lanier against Nunnally & Co. Nunnally & Co. had obtained two judgments against Mrs. Lanier, and executions issued thereon had been levied upon her property. She had been served, as appears from the entry of service, by the petition and process being left at her most notorious place of abode. She alleges, that her husband received the papers from the officer and concealed them from her; and that she had a meritorious defense, which consisted of the fact that the debts upon which the judgments were founded were debts of her husband and she was not in any way liable thereon. She charges, in her petition, that her husband colluded with the defendants in obtaining the judgments against her, and states, in her petition, various acts which she claims were sufficient to show such collusion. Defendants, in their answer, deny all of the acts of fraud and collusion set forth in the petition, and distinctly aver that the debts sued upon were the obligations of Mrs. Lanier and not those of her husband. The averments of the petition are abundantly sufficient to show that a fraud was perpetrated upon Mrs. Lanier by her husband, but the averments of the answer of Nunnally & Co. are amply sufficient to show that they had no knowledge of this fraud and did not participate therein. The judge refused to grant the injunction, and the plaintiff excepted.

Mrs. Lanier having been served in the suits which resulted in the judgments, by the officer leaving the petitions and process at her most notorious place of abode, she was bound by the judgments. The judgments rendered against her in such suits were legal and valid even though she never received the petitions and process. *Moye* v. *Walker,* 96 *Ga.* 769, and case cited. Counsel, in his brief, concedes that the judgments are valid and binding, unless such

fraud has been shown as that equity will grant relief against the judgments. The only question argued by counsel in his brief is that the fraud of the husband invalidates the judgments, even though Nunnally & Co. had no connection with his fraudulent conduct. The authority of a court of equity to set aside a judgment at law is dealt with in the following sections of the Civil Code: §3987: "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." §3988: "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." §5370: "The judgment of a court of competent jurisdiction may be set aside by a decree in chancery, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." §4032: "Fraud will authorize a court of equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments and decrees obtained by imposition." The contention is that in none of these provisions of the code is it distinctly declared that it must be the fraud of the adverse party, and that what is contained therein amounts to a declaration that fraud vitiates the judgment, without reference to the person who is the perpetrator of the fraud. It is said that this view is derivable from the fact that some of the sections, after reciting as a ground for setting aside a judgment fraud, accident, or mistake, add, in the disjunctive, "or acts of the adverse party." It is said that the effect of this is to impliedly declare that fraud, accident, or mistake will vitiate the judgment, without reference to whether the adverse party is connected therewith, and that the acts of the adverse party are also sometimes reasons for setting aside a judgment.

We can not agree with counsel in this view. The purpose which a court of equity had, when it first exercised jurisdiction to annul a judgment obtained by fraud, was to prevent the adverse party from obtaining an unconscionable advantage as the result of a judgment at law. One who has obtained a judgment at law according to the prescribed method, and who is not chargeable with any conduct which would amount to fraud or imposition upon the ad-

verse party in relation to the judgment, will not be interfered with by a court of equity for the mere reason that a stranger perpetrated a fraud which prevented the other party to the judgment from interposing a defense. The remedy of the party who is the victim of such fraud at the hand of a stranger to the plaintiff is not by resort to a court of equity to have the judgment set aside, but by seeking proper redress against him who perpetrated the fraud. In *Morris* v. *Morris,* 76 *Ga.* 733, it was said, "While equity may set aside a judgment for fraud, it must be fraud in the plaintiff in the judgment, or his counsel or agents." We think the correct rule is the one announced in that decision. It is true that the alleged fraud in that case consisted in the fact that a party had been misled by the judge, who stated to the counsel that he would notify him when the case would be heard, but forgot to do so. But we do not think that this alters the principle. The purpose of equity, as above stated, is to relieve the victim of a fraud from an unconscionable advantage which the perpetrator has obtained. It is in the nature of a penalty which the court inflicts, and no court ever inflicts a penalty upon an innocent person. The rule laid down in the case cited was referred to approvingly in *Johnson* v. *Driver,* 108 *Ga.* 598. There was no error in refusing to grant the injunction.

.  *Judgment affirmed. All the Justices concur.*