UNITED GLASS COMPANY *v.* CHAMLEE, administrator.

FISH, C. J. 1. There was no error in overruling the demurrers to the sheriff's answer to the rule.

2. If personal property was levied on under an execution, and a claim thereto duly interposed and a forthcoming bond given, with proper security, it was the duty of the sheriff to leave the property in the possession of the claimant. If found subject, and not forthcoming on the day of sale, there was a remedy on the bond. The sheriff was not for that reason liable to rule for not having made the money. Civil Code, § 4616.

3. Without special authority, attorneys can not receive anything in dis-

charge of a client's claim but the full amount in cash.   Civil Code, § 4418.   But if the attorney for a plaintiff in fi. fa., in the effort to collect the money due thereon, and while representing his client, made an agreement as to leaving the property levied on at a certain place, and so directed the sheriff as to cause an illegal sale to be made by the latter without having the goods in possession, and the attorney bid them in for his client, and afterwards they were burned in a fire occurring at the place where they were left by consent, on a rule against the sheriff for not having realized the amount of the execution he would not be liable for damages resulting from the above-stated causes.

4. No formal traverse appears to have been made to the sheriff's answer. The pleadings and evidence were somewhat confused.   The charges may not have been altogether free from inaccuracy.   But, upon a review of the whole case, there was no error in overruling the motion for a new trial.

   *Judgment affirmed.   Beck, J., absent.   The other Justices concur.*
          AUGUST 10, 1910.   REHEARING DENIED SEPTEMBER 24, 1910.

   Rule.   Before Judge Wright.   Floyd superior court.   April 24, 1909.

   *Dean & Dean* and *Henry Walker,* for plaintiff.

   *McHenry & Porter, George A. H. Harris & Son,* and *R. L. Chamlee,* for defendant.