ELLIOTT *v.* ELLIOTT.

No. 11686. MAY 17, 1937.

418

*J. Mallory Hunt* and *F. E. Radensleben,* for plaintiff.
*Etheridge, Belser & Etheridge,* for defendant.

ATKINSON, Justice. In a suit by a husband for divorce and cancellation of certain instruments whereby the husband had transferred property to the wife, a first verdict for divorce was rendered. The case came on for final trial at a subsequent term. At that trial the attorneys for the respective parties on October 17, 1935, entered into an agreement and caused to be taken a consent verdict and decree for cancellation as prayed, granting a total divorce between the parties, and removing their disabilities to marry. After that term, on May 18, 1936, the wife brought in the same court an equitable action returnable to the July term, to cancel the final verdict and decree. The petition alleged substantially all that is stated above. It was particularly alleged that on the morning of the third day of the trial the wife called at the office of her attorney for the purpose of accompanying him to the court and resuming the trial; that the attorney "instructed her to remain in his office, and . . he would go to the court-room and from there call her when she was needed;" and that in a short time he returned and informed her that a consent verdict had been taken, and stated the terms. In paragraph 8 it was alleged: "Petitioner shows that her attorney and the attorneys for the defendant had agreed by and among themselves as to the disposition of petitioner's property rights and to said verdict and judgment embodying said agreement." In paragraph 9 it was alleged: "That her attorney entered into said agreement without her knowledge and consent and without her authority; that the first she knew thereof was when she was informed by her attorney that such verdict and judgment had been taken." In paragraph 10 it was alleged: "Petitioner shows that she employed her attorney under a general retainer, and that she had not clothed him with authority to settle said case in the manner aforesaid, or with authority to make said compromise or to agree to the said verdict and decree; and that she at no time has ratified said verdict and judgment." In paragraph 11 it was alleged: "Petitioner charges that the agree-

ment of her attorney and the attorneys for the defendant to said consent verdict and judgment under the facts hereinabove alleged constituted a fraud, constructive in nature, on your petitioner under the laws of Georgia; that it was a perpetration of a fraud upon your petitioner; and that said consent verdict and judgment are fraudulent, null and void, and subject to be vacated and set aside by a court of equity." The exception is to a judgment dismissing the action on general demurrer to the petition.

■ It was held in *Adkins* v. *Bryant,* 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. R. 211): "A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel with whose consent such verdict and judgment is rendered." See also *Williams* v. *Simmons,* 79 *Ga.* 649 (7 S. E. 133); *Wilbanks* v. *Wilbanks,* 159 *Ga.* 196 (125 S. E. 202). In *Lanier* v. *Nunnally,* 128 *Ga.* 358 (57 S. E. 689), it was held: "While equity has jurisdiction to set aside a judgment obtained through the perpetration of a fraud, it must be made to appear, in an application made for this purpose, that the fraud was perpetrated by the adverse party, or his counsel or agents." See also *Gray* v. *Georgia Loan and Trust Co.,* 166 *Ga.* 445 (2) (143 S. E. 501). In *Davis* v. *First National Bank of Blakely,* 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750), it was held: "Where a suit was brought to cancel a deed, to have the land described in it decreed to belong to the plaintiff, to have an accounting, to recover double the usurious interest alleged to have been paid to the grantee, a national bank, and to obtain other equitable relief, if the plaintiff authorized her attorneys to enter into a consent decree fixing the amount required to be paid by her to the defendant in discharge of all liabilities against her and the property at $5000, and expressly instructed them that she would not consent to a compromise or settlement of the case except upon such terms, to which the attorneys agreed, which instructions were known to the adverse party through its leading attorney; and if nevertheless the defendant's leading attorney persuaded the plaintiff's counsel to disregard such instruction, and induced them to consent to a decree fixing such liability at $15,000, declaring the debt to be hers and not that of her husband, as she alleged it was, and directing that in default of payment by her

420

the land should be sold as provided therein, a consent decree so entered could be set aside by the client upon proper proceedings therefor, duly commenced." See also *Patterson* v. *Georgia Gravel Co.,* 151 *Ga.* 813 (108 S. E. 237); *Evans* v. *Brooke,* 182 *Ga.* 197 (184 S. E. 800). The ruling so quoted was in effect that the act of the bank and its attorney inducing the attorney for the adverse party to violate the express direction of his client of which they had notice, resulting in a consent verdict and decree at variance with direction given to her attorney, would be a fraud perpetrated by the bank. This would bring the ruling within the above principle quoted from *Lanier* v. *Nunnally,* supra. It was held in *Brannan* v. *Mobley,* 169 *Ga.* 243 (150 S. E. 76): "Where an attorney at law consents to the taking of a compromise verdict and judgment in a case in which he is employed, such verdict and judgment are binding upon his client, if there was no fraud and no violation of express direction given by the client to the attorney and known to the adverse party or his attorney. *Cowela Fertilizer Co.* v. *Johnson,* 26 *Ga. App.* 528 (106 S. E. 610)." The foregoing principles are controlling in the instant case. The allegations of the petition do not charge express direction by the plaintiff to her attorney not to compromise, and that the defendant or his attorney with knowledge thereof colluded with her attorney and induced him to make the agreement which resulted in the consent verdict and decree. Consequently there was failure to allege fraud on any such theory perpetrated by the defendant. Allegations that the defendant's attorney was unauthorized by the petitioner to enter into the agreement resulting in the consent verdict and decree, and that the verdict was without her knowledge and rendered in her absence caused by instruction from her attorney to wait at his office until she should be needed in court, do not charge fraud perpetrated by the defendant, or ground for setting aside the consent verdict and decree. The court has not overlooked the Code, § 110-710, relating to the jurisdiction of equity to set aside a judgment of a court of competent jurisdiction for fraud. That was considered by Mr Justice Cobb in rendering the decision in *Lanier v. Nunnally,* supra. Neither has the court overlooked the decision in the case of *United Glass Co.* v. *Chamlee,* 135 *Ga.* 152 (3) (68 S. E. 796), cited in the brief of the attor-

ney for the plaintiff in error. That decision is not so closely pertinent as to affect adversely the foregoing ruling. The judge did not err in dismissing the action on general demurrer to the petition. *Judgment affirmed. All the Justices concur.*