18561. PIKE *v.* ANDREWS.

ARGUED APRIL 14, 1954—DECIDED MAY 10, 1954.

*Geo. Starr Peck*, for plaintiff in error.
*Hugh G. Head, Head & Hanna*, contra.

ALMAND, Justice. The exception under review is to a judgment dismissing an equitable petition on general demurrer. The petition in substance alleged: The plaintiff, Mrs. Estelle Cash Pike, brought a suit against Mrs. Morsie Lee Andrews in Fulton Superior Court upon a series of promissory notes. The suit was filed by her attorney, H. A. Etheridge, who, when he removed to New York to live, associated with himself as counsel one William T. Boyd of Atlanta, and later employed another lawyer, Marvin O'Neal, to assist Boyd in the case. The defendant's counsel filed a general demurrer to the petition on the notes, and when the matter came on for a hearing on the demurrer, the defendant's counsel, and Boyd representing the plaintiff, presented to the trial judge a consent order sustaining the general demurrer and dismissing the plaintiff's case. This order was signed on January 13, 1951, and was consented to in writing by Boyd, who also wrote the name of O'Neal to the consent, all of this being done without the knowledge or consent of the plaintiff or either of her counsel, Etheridge or O'Neal. Thereupon, Etheridge filed a motion to reinstate the case, which motion was dismissed on the demurrer filed by the defendant. On review, this court affirmed the order on the ground that the motion, being filed at a term subsequent to the rendition of the judgment, and not being addressed to the court, and neither praying for nor having process attached, was a mere nullity and was properly dismissed on demurrer. *Pike* v. *Andrews*, 208 *Ga.* 478 (67 S. E. 2d 476). The plaintiff within 3 years of the date of the judgment of dismissal, filed the instant petition, praying that the order be set aside, on the grounds of fraud, mistake, illegality, and lack of authority on the part of attorney Boyd to enter the consent order. She alleged that the act of Boyd in concealing his action from other counsel and from her until after expiration of the trial term, and consenting to the decree without the knowledge or consent of the plaintiff, was a fraud upon her. She further alleged that the defendant's counsel, in the answer to the suit, asserted that the notes sued on were forgeries. It was alleged that the counsel for the defendant was a party to such fraudulent conduct and guilty of collusion and over-persuasion of Boyd, thus taking advantage of his youth and inexperience and procuring his co-operation to sign the con-

sent decree, "the effect of which was to win Head's suit but to kill that of Boyd's client," in that the defendant's counsel falsely represented to Boyd that the notes sued on were forged, which representation was untrue and the untruth thereof was unknown to Boyd, who, in reliance on such representation and in ignorance of the true facts, agreed to the order without the consent of his associate counsel, who were known by the defendant's counsel to be Boyd's associate counsel.

The grounds of the defendant's general demurrer, to wit, the petition, (a) does not set forth a cause of action, (b) shows on its face that it is res adjudicata, and (c) is barred by the statute of limitations, were sustained.

While a court of equity has authority to annul and set aside a judgment obtained by fraud, accident, or mistake (Code §§ 37-219, 37-220, 110-710), it must be made to appear in an action therefor, where fraud is claimed, that the fraud was perpetrated by the adverse party, his counsel or agent. One who has obtained a judgment at law according to the prescribed method, and who is not chargeable with any conduct which would amount to fraud or imposition upon the adverse party in relation to the judgment, "will not be interfered with by a court of equity for the mere reason that a stranger perpetrated a fraud which prevented the other party to the judgment from interposing a defense." *Lanier* v. *W. H. Nunnally & Co.*, 128 *Ga.* 358, 360 (57 S. E. 689). Where one employs counsel to represent him in the trial of a case, and such counsel agrees with the opposite party to a consent decree which is taken and partially performed by the opposite party, in the absence of fraud, accident, or mistake such decree will be binding on the client. *Wilbanks* v. *Wilbanks*, 159 *Ga.* 196 (1) (125 S. E. 202); *Adkins* v. *Bryant*, 133 *Ga.* 465 (1) (66 S. E. 21, 134 Am. St. R. 211). When a suitor, competent to select counsel, does select counsel, and appears in court through such employed counsel, the counsel is there for the purpose of representing the client, and whatever counsel assents to is the client's consent to it, with full power on the part of counsel to represent the client; and it is no answer to a solemn judgment of court for the client to come in and say that the counsel misrepresented the client's interest or did not represent the client's wishes. *Williams* v. *Simmons*, 79 *Ga.* 649, 654 (7 S. E. 133).

In *Elliott* v. *Elliott*, 184 *Ga.* 417 (191 S. E. 465), a husband filed a suit for divorce and cancellation of certain instruments whereby he had transferred property to his wife. When the case came on for a final trial, counsel for the parties entered into an agreement for a decree of cancellation as prayed for. This was done in the absence of the plaintiff (the defendant in the divorce action), and without her knowledge, consent, or authority. In her equitable petition to set aside the decree, she alleged that her attorney had no authority to settle and compromise or agree to the verdict or decree, and that the agreement of her attorney and the attorney for the husband, consenting to the verdict and decree, constituted a fraud upon her, and that such verdict and decree were fraudulent, null and void, and she prayed that they be vacated. This court, in affirming the judgment dismissing the wife's petition on general demurrer, held that the allegations of her petition did not charge express direction by her to her attorney not to compromise, or that the husband or his attorney with knowledge of her direction colluded with her attorney and induced him to make the agreement which resulted in the consent decree and verdict, and consequently there was a failure to allege fraud on the part of the husband or his attorney; and that the allegations that her lawyer was unauthorized to enter into the agreement resulting in the verdict, and that such agreement was made without her knowledge and in her absence, did not charge fraud as against the husband or his counsel, or show ground for setting aside the consent verdict and decree.

In our opinion, the ruling in the *Elliott* case, supra, on the law and the facts, is controlling here. There is no allegation that the defendant or her counsel had any knowledge that Boyd, counsel for the plaintiff, who consented to the judgment sustaining the general demurrer, had been instructed not to dispose of the case in this manner. The allegations are insufficient to show fraud by the defendant or her counsel. Taking the allegations which seek to show such fraud in the light most favorable to the plaintiff, all they charge is that the defendant's counsel persuaded the plaintiff's counsel Boyd that the defendant's plea of forgery was good. The fact that the plaintiff's counsel acquiesced, either because he was convinced of the soundness of the

view of the defendant's counsel, or from inexperience as a lawyer, does not authorize the conclusion that the judgment was consented to by reason of fraud practiced by the defendant's counsel. Even if it be conceded that the act of the defendant's counsel, in obtaining the consent of Boyd to enter the judgment upon the representation that the notes were forgeries, was fraudulent, and that such counsel knew that he could not establish the defense of forgery, these representations would not be in regard to matters extrinsic to the suit, and would fall under the recognized rule that, before equity will set aside a judgment on the ground of fraud by the opposite party, the fraud must be extrinsic to the issues in the case. In the instant case, one of the defenses of the defendant was that the notes sued on were forgeries. *Thomason* v. *Thompson,* 129 *Ga.* 440 (2) (59 S. E. 236, 26 L.R.A. (NS) 536); *Walker* v. *Hall,* 176 *Ga.* 12 (5) (166 S. E. 757); *Elliott* v. *Marshall,* 182 *Ga.* 513 (2) (185 S. E. 831).

The cases of *Davis* v. *First Nat. Bank of Blakely,* 139 *Ga.* 702 (1) (78 S. E. 190, 46 L.R.A. (NS) 750), and *Evans* v. *Brooke,* 182 *Ga.* 197 (184 S. E. 800), relied on by the plaintiff, are distinguishable on their facts from the instant case. In each of the cited cases (actions to set aside consent decrees), it appeared that counsel for the defendant knew that the plaintiff's counsel had been instructed not to agree to the decree that was entered. The decree in each of those cases was set aside because the defendant's counsel knew that the plaintiff's counsel was consenting thereto in violation of express direction of the client. In the case at bar, it does not appear that the plaintiff had ever given any instructions to her attorney in regard to action on the demurrer, or that, if she had given any instructions, they were known to the defendant or her counsel.

It was not error to sustain the first ground of the general demurrer, that the petition failed to set forth a cause of action.

*Judgment affirmed. All the Justices concur.*