## 22265. DEAN v. JACKSON.

QUILLIAN, Justice. 1. The scope of an attorney's authority when retained to prosecute or defend a pending case is determined by the terms of his contract of employment, and the instructions given by his client, but where, as in the instant case, there is no express restriction upon his authority the same is measured by the principles applicable to the relationship of attorney and client. His discretion in the management and direction of his client's case is then very broad, indeed, termed in the text of Corpus Juris Secundum, plenary (complete, absolute, unqualified). "In proceedings before a court of record this apparent authority of an attorney is so broad, so far as the court and opposing parties are concerned, as to have been characterized as plenary in nature." 7 CJS 899, Attorney and Client, § 80. The same language as descriptive of an attorney's implicit authority is found in In re Level Club (D.C.N.Y.), 46 F2d 1002, 1003: "The apparent authority of attorneys in any proceeding before the court is plenary so far as the court and the opposing parties are concerned, for necessarily it must be adequate to all the exigencies of litigation. To be agents with such authority is one of the reasons for the existence of the Bar." The principle is similarly expressed in *Williams v. Simmons,* 79 Ga. 649 (7 SE 133), and *Pike v. Andrews,* 210 Ga. 553, 555 (81 SE2d 817). In the early case of *Wade v. Powell,* 31 Ga. 1, 22, it is sagely said: "It is within the scope of a Solicitor's or Attorney's power and duties to refer the matters in dispute or involved in litigation, which have been confided to their skill and management by their client, to referees or arbitrators, under the sanction and approval of the Court, for adjustment or arbitration, without the consent of his client. . . And why should not this be so? An Attorney may confess a judgment against his client, and this involves everything." The right of the lawyer to confess judgment on behalf of the client and without his consent continues until the present time, *Petty v. Complete Auto Transit,* 215 Ga. 66 (108 SE2d 697), even when the confession of judgment effects a compromise of the case. *Elliott v. Elliott,* 184 Ga. 417 (2) (191 SE 465).

In short, the authority spoken of in *Wade v. Powell,* 31 Ga. 1, supra, as including everything, has expanded rather than

contracted during the 103 years since the *Wade* case was written. In most jurisdictions and particularly in Georgia, the attorney retained in a pending case, there being no restriction placed upon his freedom to handle the case, through contract of employment or instructions of his client, has the implied power to agree that the whole case or particular issues of the case be referred to an appropriate forum and to stipulate that the decision of the forum be final and not appealable. *McElreath v. Middleton,* 89 Ga. 83 (1) (14 SE 906); *Hall County v. Smith,* 178 Ga. 212 (2) (172 SE 645); 6 CJS 164, Arbitration and Award, § 24; 7 CJS 910, Attorney and Client, § 91.

In the present case, an injunction suit arising out of a dispute over a land line, there could be no more appropriate tribunal to which the issue of the true location of the line could be referred than the processioners. Our statutes set that body up as a special forum for the purpose of deciding upon and marking the locations of land lines in 1798 (Ga. L. 1798, Cobb, 716; Ga. L. 1799, Cobb, 717; *Code Ch.* 85-16) and it has performed that task splendidly ever since.

2. The parties submitted to the trial judge the issue as to whether the client, the plaintiff in error here, gave his express assent to the attorney representing him in the injunction case stipulating that the issue concerning the land line be referred to the land processioners for final decision. The evidence was in conflict but was amply sufficient to support the judge's conclusion that such consent was given by the client and the attorney was thereby vested with express authority to enter into the stipulation. In these circumstances his finding will not be reversed upon the contention that it was contrary to the evidence.

3. The above syllabuses decide every assignment of error contained in the bill of exceptions and require no elaboration.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1963—DECIDED JANUARY 10, 1964.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error. *Webb & Fowler,* contra.