## 47386. LOCKLEAR et al. v. MORGAN et al.

STOLZ, Judge. On March 23, 1970, William Morgan and Louise Morgan filed a joint complaint for damages in the Superior Court of Catoosa County, against *"Ernest Lockyear"* and *"McNair Transportation Company,"* nonresidents, for injuries and damages allegedly resulting from an automobile accident on September 5, 1968.

The Secretary of State certified that copies of the complaint and summons were received by him on March 24, 1970, and transmitted by registered mail to the named defendants.

On April 9, 1970, counsel for the plaintiffs executed and thereafter filed on April 10, 1970, an affidavit in compliance with the provisions of *Code Ann.* § 68-802 and attached thereto receipts for registered mail signed by "Bessie Mae Martin," dated March 25, 1970, and "McNair Automobile Company," dated April 3, 1970, declaring service had been perfected on the named defendants.

On April 22, 1970, *Ernest Locklear* and *McNair Seed Company*, nonresidents of Georgia, residing in North Carolina, filed their joint answer and special plea in the Catoosa Superior Court, contending that said court had not acquired jurisdiction of either defendant because *Code Ann.* § 68-802 had not been complied with. The defendants asserted that *Code Ann.* § 68-802 requires that the affidavit of compliance be executed by the party, that counsel's affidavit is insufficient as a matter of law, and that neither *Ernest Locklear* nor McNair Seed Company, nor any agent acting for them, signed such receipts for the registered mail from the Secretary of State. The defendants further alleged that neither of them had ever been known as the person or corporation stated in the caption of the complaint and that, therefore, such process was insufficient as a matter of law.

On October 3, 1970, the depositions of Ernest Locklear, both plaintiffs, and Robert Davis, Vice President of McNair Seed Company, were taken.

On September 21, 1971, the plaintiffs amended their complaint to have the correct spelling of defendant Locklear's name and the correct name of the defendant corporation as McNair Seed Company and prayed for the issuance and service on each defendant of summons, process, complaint and amendment. Plaintiffs' counsel also served defendants' counsel with a copy of the amendment by mail. Thereafter, on September 21, 1971, the Secretary of State certified receipt of copies of the aforesaid and the registered mailing thereof to Mr. Ernest Locklear, Mr. E. Herbey Evans, President, McNair Seed Company, and to Mr. Robert Davis, Vice President, McNair Seed Company. A return of service by a deputy sheriff of Scotland County, N. C., showing personal service of the complaint on defendant Locklear on February 12, 1972, was filed on February 13, 1972. Plaintiffs' counsel made affidavits of compliance with *Code Ann.* § 68-802 on February 18, 1972, regarding service on Mr. Robert Davis, Vice President of defendant McNair Seed Company, and

on Mr. E. Herbey Evans, President of McNair Seed Company, and attached the return receipts thereto.

On February 26, 1972, the defendants filed separate answers and specially pleaded the Catoosa Superior Court's lack of jurisdiction over them, the insufficiency of process and service, and the statute of limitation. On the same date, both defendants made separate motions to dismiss, contending the court's lack of jurisdiction, lack of lawful amendment of original summons because no order allowing same was applied for and obtained, the failure of the clerk of superior court to issue process and summons to the defendant McNair Seed Company, and counsel's affidavit of compliance with *Code Ann.* § 68-802 is unauthorized and that such must be made by the parties themselves.

On March 1, 1972, the judge of the Catoosa Superior Court entered identical orders on both defendants' motion to dismiss, to-wit: "The motion to dismiss is hereby sustained. The plaintiff is granted leave to amend."

On March 11, 1972, the plaintiffs filed their motion for leave to amend. Both defendants filed responses thereto. The motion came on for hearing and, after receiving evidence, the trial judge entered an order granting the plaintiffs' motion for leave to amend. It is from this order that the defendants appeal. *Held:*

1. The first question to confront us in the case involves the sufficiency of an affidavit of compliance with *Code Ann.* § 68-802 (Ga. L. 1937, pp. 732, 734, as amended) given by plaintiffs' counsel, rather than plaintiffs themselves.

The code section itself establishes the procedure for service of process under the "Nonresident Motorists Act." This procedure, of its very nature, is technical and lends itself to the skill and expertise of counsel. The procedure prior to the making of the affidavit, is such as would usually be done by counsel, rather than the client. The attorney is the agent of the client for the purpose of the litigation in question. The acts of the attorney, within the scope of his authority, are binding on the client. What-

ever is done in the progress of the cause by the attorney, is considered done by the party. The attorney has implied authority to do everything necessary and proper in the regular and orderly conduct of the case, provided his acts affect the remedy only and not the cause of action. See: 7 CJS 850, Attorney & Client, § 67; 7 AmJur2d 111, 119, Attorneys at Law, §§ 101, 120. As was stated by the Supreme Court in *Dean v. Jackson,* 219 Ga. 552 (1) (134 SE2d 601), "The apparent authority of attorneys in any proceeding before the court is plenary so far as the court and the opposing parties are concerned, for necessarily it must be adequate to all the exigencies of litigation. To be agents with such authority is one of the reasons for the existence of the Bar." See also: 7 CJS 898, Attorney & Client, § 80.

Indeed this court has specifically held that an agent is competent to make an affidavit on behalf of its principal where he had knowledge which peculiarly qualified him to do so and that *an attorney at law* is such an agent if the facts rest in his personal knowledge. *Coffee v. McCaskey Register Co.,* 7 Ga. App. 425 (2) (66 SE 1032).

For the foregoing reasons, the affidavit of plaintiffs' counsel was sufficient to show compliance with *Code Ann.* § 68-802.

2. The defendants also urge that the Superior Court of Catoosa County has not acquired jurisdiction over them because (1) neither defendant has signed the return receipt for registered mail from the Secretary of State, and (2) ". . . they have been misnamed in [the] complaint and . . . neither of said defendants have [sic] ever been known as the person or corporation named in said complaint."

In the 3rd, 7th, and 8th defenses of the joint answer, the defendants refer to themselves as "defendant Ernest Locklear (misnamed Lockyear)" and defendant McNair Seed Company (misnamed McNair Transportation Company).

The evidence introduced via depositions of defendant Lock-

lear and Robert Davis, Vice President of defendant Mc-Nair, showed that the registered letter for Locklear was sent to his residence, was received and signed for by his grown daughter, who lived with him at the time. The fact that she did not deliver the registered letter containing the complaint and process to her father, does not void the service. *Dunn v. Royal Bros. Co.,* 111 Ga. App. 322 (141 SE2d 546). This is particularly true where, as here, the defendant subsequently learned of the pendency of the case, engaged counsel, was able to timely file defensive pleadings and thus was not adversely prejudiced by his daughter's omission.

With reference to the service on the defendant McNair Seed Company, the evidence shows that, while the registered letter was addressed to "McNair Transportation Company," Laurinburg, N. C., the returned receipt therefor was signed "McNair Automobile Company" by an unknown party, that there is no such corporation as McNair Transportation Company but McNair Automobile Company is a dealer in Buick, Cadillac and other automobiles in Laurinburg, N. C., and the registered letter containing a copy of the complaint and summons was delivered to defendant McNair Seed Company.

In cases similar to the one at bar this court has held that where process is served on the Secretary of State and notice is given to the defendant, either by the Secretary of State or plaintiff as required by this Act, irrespective of whether the defendant actually received such notice, and where the statute is otherwise complied with, due and legal service has been perfected. *Mull v. Taylor,* 68 Ga. App. 663 (1) (23 SE2d 595).

In *Robinson v. Reward Ceramic &c. Mfg.,* 120 Ga. App. 380 (170 SE2d 724), plaintiff's name was shown in the caption as "Reward Color *Mfg.* Inc." rather than "Reward Color *Mfrs.* Inc." This court held that the defendant's contention, that the plaintiff as shown in the caption was not the party at interest, was without merit—that the variance in the name was no more than a clerical error

or *this* error which might have been corrected instanter since it did not appear from the evidence that the names are of two separate corporations. "It is no longer issuable that under Georgia procedure the name of either a plaintiff or defendant may be corrected by amendment prior to judgment *so long, at least, as the name by which the originally designated party is described imports a person, firm, or corporation, even though it is in fact not so.*" *Powell v. Ferguson Tile &c. Co.,* 125 Ga App. 683 (1) (188 SE2d 901); *Parker v. Kilgo,* 109 Ga. App. 698, 701 (137 SE2d 333).

3. The defendants' contention that the plaintiffs' suit is barred by the statute of limitation, is without merit. The accident occurred on September 5, 1968. The plaintiffs filed suit on March 23, 1970. As heretofore shown, the defendants were duly served pursuant to *Code Ann.* § 68-802. Plaintiffs' counsel filed his affidavit of compliance therewith on April 10, 1970. It is unquestioned that the persons sued and served, were the proper parties to the action, even though misnamed in the complaint. The plaintiffs' amendment filed on September 21, 1971, merely corrected the spelling of defendant Locklear's name and supplied the correct name for the defendant corporation, McNair Seed Company (both misnomers and so characterized by the defendants in their joint answer). Plaintiffs' counsel certified the service of this amendment on defendants' counsel by mail contemporaneous with the filing thereof. This is all that is required under *Code Ann.* § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; as amended) and *Code Ann.* § 81A-105 (b) (Ga. L. 1966, pp. 609, 615, as amended). The record shows that this amendment was prior to the entry of the pretrial order on February 18, 1972, thus leave of the court or consent of adverse counsel, was not required. The amendment related back to the filing of the complaint, which tolled the statute of limitation. *Code Ann.* § 81A-115 (c); *Parker v. Kilgo,* 109 Ga. App. 698, 700, supra; *Burrow v. Dickerson,* 108 Ga. App. 178, 180 (132 SE2d 550).

This case is substantially different from *Holton v. Maddox, Bishop, Hayton Frame & Trim Contractors,* 125 Ga. App. 423 (188 SE2d 167), where there was *no service* following the filing of the complaint for well over 2 years from the date of filing and over 6 months after the statute of limitation had run.

4. The defendants contend that the court order of March 1, 1972, dismissing the complaint and granting leave to amend, left no suit "pending" when the trial judge allowed the amendment and that, consequently, the court's order was void. This contention has been answered adversely to the defendants by the Supreme Court in *Perkins v. First Nat. Bank,* 221 Ga. 82, 93 (143 SE2d 474); *Steed v. Savage,* 121 Ga. 84 (48 SE 689); and *Folsom v. Howell,* 94 Ga. 112 (1) (21 SE 136); and by this court in *Jordan v. J. C. Penney Co.,* 114 Ga. App. 822, 823 (152 SE2d 786).

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
Submitted September 5, 1972—Decided September 27, 1972—Rehearing denied October 17, 1972—

*Roberts, Weill, Ellis, Weems & Copeland, Frank M. Gleason,* for appellants.

*Morgan, Garner & Wood, Cook & Palmour, A. Cecil Palmour,* for appellees.