## 36003. BROWN v. BROWN.

JORDAN, Presiding Justice.

Sam Allen Brown and Peggy Ann Brown were divorced in Sumter Superior Court in August, 1977. Sam Allen Brown filed a complaint in June, 1979, seeking to set aside the judgment on the ground that it was procured by fraud in that it was entered into by the consent of his attorney without his permission. The trial court granted Peggy Ann Brown's motion for summary judgment and Sam Brown appeals. We affirm.

The evidence shows that the appellant was represented by his attorney at a temporary hearing pursuant to the filing of the divorce action by the appellee in September, 1976; that shortly thereafter the appellant left the State of Georgia with instructions to his attorney to continue to represent him in the divorce action; that pursuant thereto the attorney obtained a continuance from the January 1977 term of court to the June 1977 term, and from the June term to the August 1977 term, at which time his attorney consented to the decree granting the divorce, custody and child support when the appellant did not appear. His attorney continued to represent the appellant in September, 1978, at which time appellant and his attorney appeared in answer to a contempt action against the appellant. Appellant at this hearing did not question the consent order and had partially complied with it from time to time by the payment of child support.

The record is completely void of any allegation or proof of actual fraud on the part of appellant's attorney or opposing counsel such as would support an action to set aside the judgment under Code Ann. § 81A-160(e). Appellant does not allege that his attorney acted in violation of express instructions but merely that he acted without his consent. *Elliott v. Elliott,* 184 Ga. 417 (191 SE 465) (1937); *Davis v. Davis,* 245 Ga. 233 (1980).

"Where one employs counsel to represent him in the trial of a case, and such counsel agrees with the opposite party to a consent decree which is taken and partially performed by the opposite party, in the absence of fraud, accident, or mistake such decree will be binding on the client. *Wilbanks v. Wilbanks,* 159 Ga. 196 (1) (125 SE

202); *Adkins v. Bryant,* 133 Ga. 465 (1) (66 SE 21, 134 ASR 211). When a suitor, competent to select counsel, does select counsel, and appears in court through such employed counsel, the counsel is there for the purpose of representing the client, and whatever counsel assents to is the client's consent to it, with full power on the part of counsel to represent the client; and it is no answer to a solemn judgment of court for the client to come in and say that the counsel misrepresented the client's interest or did not represent the client's wishes. *Williams v. Simmons,* 79 Ga. 649, 654 (7 SE 133)." *Pike v. Andrews,* 210 Ga. 553, 555 (81 SE2d 817) (1954). The appellant in this case was clearly bound by the action taken by his attorney, no fraud, accident or mistake having been shown.

We find no merit in any of the arguments posed by this appeal. The trial court did not err in granting summary judgment to the appellee.

*Judgment affirmed. All the Justices concur, except Marshall, J., who is disqualified.*

SUBMITTED FEBRUARY 29, 1980 — DECIDED MARCH 18, 1980.

*L. Joel Collins,* for appellant.
*Ben F. Easterlin, IV,* for appellee.