813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Laszlo N. TAUBER, Appellant,
v.
E.F. HUTTON & CO., INC., Appellee.
 No. 85-1895.
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1986.
Decided Sept. 15, 1986.
 
 Before WINTER, Chief Judge, and RUSSELL and PHILLIPS, Circuit Judges.
 John Thorpe Richards (Barbara Beach; Ross, Marsh & Foster, on brief, for appellant.
 Mahlon M. Frankhauser (Charles R. Mills; Barrett, Smith, Shapiro, Simon & Armstrong; Harvey B. Cohen; Joanne F. Alper; Cohen, Gettings, Alper & Dunham, on brief), for appellee.
 PER CURIAM:
 
 
 1
 This is an action involving certain transactions between a customer, the plaintiff Tauber, and his broker, E.F. Hutton & Company, Inc. On the eve of trial of the action, negotiations of a settlement were begun by counsel for the parties. These negotiations resulted in an agreement reached later that night by counsel. The agreement was reduced to writing and signed by counsel for the parties on behalf of their clients. The day following, with the convening of court, counsel for the defendant presented the agreement, and moved its approval and enforcement. The plaintiff responded that the settlement agreement, though including expressly no conditions to its effectiveness, was subject to an oral condition which had not been fulfilled, and objected to the approval and enforcement of the settlement agreement. The defendant disputed the plaintiff's contention that the agreement executed by counsel for the parties was subject to any condition or contingency.
 
 
 2
 As a result of these conflicting contentions, the district judge set a hearing on the validity of the agreement of settlement and the defendant's motion for enforcement. At such hearing, both parties presented testimony. The district judge, who had heard the witnesses and their conflicting accounts of the circumstances of the settlement agreement, made oral findings of fact. He found that the agreement was final and absolute and not subject to any condition. He accordingly ordered the agreement of settlement enforced.
 
 
 3
 Some days after the district judge had made his findings of fact and conclusion that the settlement was valid and enforceable, the plaintiff moved to reopen the proceedings "on the issue of whether the parties had reached a settlement, enforceable by the Court, ... to include the testimony of the Plaintiff on the activities surrounding settlement negotiations, and on the basis of such testimony to reconsider the oral order of the Court entered at the conclusion of the July 16, 1985 hearing and vacate such order and set this case for trial." The district judge denied the motion, reaffirming his earlier decision that the settlement agreement was valid and enforceable. In so doing, he indicated that in his opinion, plaintiff's counsel, who he observed were able and experienced counsel, would not have made the settlement if they lacked the authorization from their client to do so. He added, however, that, any controversy over counsel's authority was one to be settled in another action between plaintiff and his counsel.
 
 
 4
 The plaintiff appealed on three grounds. He challenged (1) the district judge's factual finding that the settlement was intended as a final and unconditional settlement of the suit and, (2) that if there was such final and unconditional agreement, the failure of the district judge to find the agreement invalid for want of authority in plaintiff's counsel to negotiate such settlement. On appeal, the plaintiff has added a third ground, not raised in the hearing before the district judge. He sought relief by way of a rescission of the agreement also because of an alleged unilateral mistake on the part of his attorneys, who, he said, understood in good faith that the agreement was conditional. We address these three grounds.
 
 
 5
 There is no dispute that there was a clear conflict between the two parties on the existence or non-existence of any condition agreed upon by the parties and attaching to the executed written settlement agreement. Admittedly, the written agreement contained no condition; it was an absolute settlement agreement on its face. Plaintiff's counsel offered oral testimony, however, that there was an understanding that such settlement was subject to the settlement of an action pending in the Swiss courts. This testimony, though, was disputed by evidence offered by the defendant. There was thus a clear conflict in the testimony. The district judge, who had observed the witnesses, resolved the conflict in favor of the defendant and that finding was not clearly erroneous. The plaintiff's first ground of appeal is accordingly affirmed.
 
 
 6
 The contention of the plaintiff that his attorneys were not authorized by him to settle his case and that the settlement was therefore void as to him was dismissed by the district judge with the statement:
 
 
 7
 But whether Dr. Tauber's lawyers had authority to do what they did is really not before me. If they didn't, he [the plaintiff] is familiar with all the lawyers that he has engaged over the years, of action that he can take against them. But that is not my concern.
 
 
 8
 It is true, as the district judge indicated in his remark quoted, and as the defendant argues on appeal, that the record does not show that the plaintiff raised specifically in his answer or at the hearing in the district court that his counsel acted without authority in executing the settlement agreement. However, the district court did appear to have considered the issue of authority in his original findings, for, in his findings, he declares that "sophisticated and knowledgeable lawyers" like the plaintiff's two counsel in this matter "would not have executed an agreement on behalf of their client that they didn't have the authority to do." Later, at the hearing on the motion for rehearing, the plaintiff testified that he had not authorized the settlement on the terms as finally set forth in the agreement, though he conceded he had authorized counsel to negotiate for a settlement and had in part at least authorized a settlement. We think that, construed liberally, the plaintiff's claim of want of authority may be said to have been put in issue. Accepting that construction, we are compelled to conclude that the district judge did not in precise terms find either authorization or the circumstances on which a finding of authorization could be grounded in this case.[1] For these reasons, we remand the matter to the district court for a determination of counsel's authority to execute the settlement agreement and, if it finds the execution of the agreement authorized, the facts on which such finding is rested.
 
 
 9
 We find no occasion to consider the third ground of plaintiff's appeal. At no point at the original hearing or on the motion for rehearing did the plaintiff plead as an excuse a unilateral mistake. He seeks for the first time to raise the issue at the appellate level. The rule is well established that factual claims first advanced at the appellate level and not presented to and heard by the district court will not be considered on appeal. Kinty v. United Mine Workers of America, 544 F.2d 706, 722 (4th Cir.1976), cert. denied, 429 U.S. 1093; United States v. One 1971 Mercedes Benz, etc., 542 F.2d 912, 914-15 (4th Cir.1976). In refusing to consider the claim, we do not intimate an opinion on the validity of such a plea in this context.
 
 
 10
 In summary, we affirm as not clearly erroneous the finding of the district court that the written agreement of settlement as executed by counsel for the respective parties was absolute and not subject to any oral conditions; the finding of the authority of the plaintiff's counsel to execute the agreement on plaintiff's behalf, however, lacks the necessary statement of supporting facts by the district judge and the cause is remanded to that court for the statement of the facts supporting that conclusion. As a part of the remand, plaintiff may advance and litigate his claim of unilateral mistake.
 
 
 11
 AFFIRMED IN PART and REMANDED IN PART WITH DIRECTIONS.
 
 
 
 [1]
 The fact that an attorney is the retained counsel of a party is not determinative of his authority to effect a settlement of the party's claim; that authority must be established but it may be established by circumstances and need not be dependent upon direct evidence. Early in Holker v. Parker, 7 Cranch 436, 452-53 (1813), Chief Justice Marshall stated the appropriate rule, which was later reaffiramed in United States v. Beebe, 180 U.S. 343, 351-52 (1901):
 "Although an attorney at law, merely as such, has, strictly speaking, no right to make a compromise; yet a court would be disinclined to disturb one which was not so unreasonable in itself as to be exclaimed against by all, and to create an impression that the judgment of the attorney has been imposed on, or not fairly exercised in the case. But where the sacrifice is such as to leave it scarcely possible that, with a full knowledge of every circumstance, such a compromise could be fairly made, there can be no hesitation in saying that the compromise, being authorized and being therefore in itself void, ought not to bind the injured party." (Quoting Holker v. Parker, 7 Cranch at 452-53).
 For a collection of cases illustrating circumstances which may or may not support a finding of authority, see, Annotation, 30 A.L.R.2d at 950, et. seq.; Glazer v. J.C. Bradford & Co., 616 F.2d 167, 169 (5th Cir.1980); Bradford Exchange v. Trein's Exchange, 600 F.2d 99, 102 (7th Cir.1979); Associates Discount Corporation v. Goldman, 524 F.2d 1051, 1053-54 (3d Cir.1975).