The Petition for Rehearing filed by the appellant, First Arlington National Bank, is GRANTED IN PART. Our attention is called to the fact that we overlooked commenting upon the subject of the rate of interest and the matter of title to the property converted. Consequently, we amend our judgment of affirmance by remanding the case to the district court for entry of an order fixing the prejudgment rate of interest at 6% instead of 9% and vesting title to the property converted in the appellant. Other matters in the Petition for Rehearing have been considered, and, except as amended herein, the Petition for Rehearing is DENIED.

**Morris M. GLAZER, Plaintiff-Appellant,**

v.

**J. C. BRADFORD AND COMPANY, a partnership, J. C. Bradford and Company, Inc. et al., Defendants-Appellees.**

No. 78–2413.

United States Court of Appeals, Fifth Circuit.

April 30, 1980.

**168**

E. Speer Mabry, III, Ervin H. Gerson, Atlanta, Ga., for plaintiff-appellant.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, J. Rodgers Lunsford, III, George B. Haley, Jr., Kevin B. Buice, Atlanta, Ga., for defendants-appellees.

Before INGRAHAM, RONEY and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The decision in this case is controlled by the established principle of Georgia law that a client is bound by his attorney's agreement to settle a lawsuit, even though the attorney may not have had express authority to settle, if the opposing party was unaware of any limitation on the attorney's apparent authority. Thus, in this suit for brokerage commissions, the district court correctly entered summary judgment for defendants who had reached an agreed settlement with plaintiff's attorney, even though there was a substantial factual issue as to whether the plaintiff had authorized his attorney to make that settlement.

The undisputed facts show that some months after suit was filed, plaintiff directed his counsel by telephone to "see what you can do to effect a settlement" in an action involving disputed brokerage commissions and a counterclaim for defamation. Plaintiff did not, however, spell out the precise terms of settlement which would have been acceptable to him. His lawyer contacted the attorneys for the various defendants, offering to settle the actions with mutual releases of all claims and counterclaims. Defendants' counsel agreed, mutual releases and dismissal documents were prepared, and the district court dismissed the actions.

After plaintiff decided not to execute the release documents, the district court conducted two evidentiary hearings and granted defendants' motions for summary judgment, dismissing both actions with prejudice.

Although plaintiff's attorney thought he had authority to make this settlement, no bad faith or intentional violation of duty being shown, there is a substantial issue of fact about whether plaintiff specifically authorized his attorney to pursue a settlement with the effect of relinquishing any right to receive damages from the various defendants. Under Georgia law, however, this factual disagreement is not material and therefore does not preclude summary judgment in favor of defendants.

Under Georgia law, an attorney is cloaked with apparent authority to enter into a binding agreement on behalf of a client. Such a settlement agreement may be enforced against the client by the other settling parties. *Stone Mountain Confederate Monumental Association v. Smith*, 170 Ga. 515, 153 S.E. 209 (1930); *see McDonald v. Pearre Brothers & Co.*, 5 Ga.App. 130, 62 S.E. 830 (1908); Restatement (Second) of Agency § 140(b) (1957). The Supreme Court of Georgia recently described the scope of an attorney's authority as follows:

"An attorney of record is a party's agent in the prosecution of a legal action. The attorney's authority is determined by the terms of his contract of employment and the instructions given by his client. In the absence of express restrictions upon the attorney's authority it may be termed plenary insofar as the court and the opposing parties are concerned. This term has been applied in relation to the attorney's implicit or apparent authority. . . . An act of an agent within the scope of his apparent authority binds the principal."

*Davis v. Davis*, 245 Ga. 233, 235–36, 264 S.E.2d 177, 179 (1980) (*quoting Shepherd v. Carlton's Nice Cars, Inc.*, 149 Ga.App. 749, 256 S.E.2d 113, 115 (1979)); *see Dean v. Jackson*, 219 Ga. 552, 134 S.E.2d 601, 602 (1964); *Elliott v. Elliott*, 184 Ga. 417, 191

S.E. 465, 467 (1937); *McCoy v. McSorley*, 119 Ga.App. 603, 168 S.E.2d 202, 203–04 (1969); Ga.Code Ann. § 9–605. *See generally* Annot., 30 A.L.R.2d 944 (1953).

■ It is undisputed here that the attorneys for both plaintiff and defendants effected a settlement agreement. The settlement agreement, even though not in writing, may be enforced, because plaintiff has denied only his attorney's authority to settle, not the existence of the settlement itself. *Stone Mountain Confederate Monumental Association v. Smith*, 170 Ga. 515, 153 S.E. 209, 212; *Parkerson v. Indies Co.*, 148 Ga.App. 106, 251 S.E.2d 98, 99 (1978); *Oliver v. Godley*, 38 Ga.App. 66, 142 S.E. 566 (1928); Ga.Code Ann. §§ 9–605, 24–3339.

■ Only if the client had specifically limited his attorney's authority to settle and the opposing attorneys were aware of this limitation would the settlement agreement have been unenforceable. *Reece v. McCormack*, 188 Ga. 665, 4 S.E.2d 575, 576–77 (1939); *Elliott v. Elliott*, 184 Ga. 417, 191 S.E. 465, 466–67. Considering the facts in a light most favorable to plaintiff on defendants' motion for summary judgment, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), there was no express direction not to settle nor was there any limitation placed on the attorney. Glazer himself testified he gave no further instructions to his attorney, and that he placed no restrictions on the discussions to be held with counsel for defendants. More importantly, there is nothing to suggest defendants' counsel were aware of any limitations on plaintiff's attorney's authority. The defendants were entitled to enforce the settlement reached with plaintiff's attorney.

■ The district court decided the point under Georgia state law, and the initial briefs of the parties assumed without discussion that Georgia law was applicable in this case. Sensing the law might differ in jurisdictions other than Georgia, this Court requested and received supplemental briefs on whether federal or Georgia law controlled. *See Erie R.R. v. Tompkins*, 304

U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). From this and the helpful oral argument of counsel for the parties, it appears the district court correctly applied Georgia law. 28 U.S.C.A. § 1652.

This Court has previously held in a diversity suit that state law controls whether a contract of settlement was made. *Massachusetts Casualty Insurance Co. v. Forman*, 469 F.2d 259, 261 (5th Cir. 1972). State law has also provided the rule of decision in a case regarding the construction and enforcement of a settlement agreement. *See Florida Education Association, Inc. v. Atkinson*, 481 F.2d 662, 663 (5th Cir. 1973). In other cases involving the law of agency, state law has been used to define the scope of the agent's power to bind the principal. *See, e. g., Ampex Credit Corp. v. Bateman*, 554 F.2d 750 (5th Cir. 1977); *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993 (5th Cir. 1976); *Clinkenbeard v. Central Southwest Oil Corp.*, 526 F.2d 649 (5th Cir. 1976).

Involved here is the delicate relationship between attorney and client, and the attorney's power to bind the client "by any agreement in relation to the cause, . . ." Ga.Code Ann. § 9–605. The state's substantial interest in defining the relationship between attorney and client mandates that principles of state law be applied. *See Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 837, 839 (5th Cir. 1976); *cf. Burks v. Lasker*, 441 U.S. 471, 476, 99 S.Ct. 1831, 1836, 60 L.Ed.2d 404 (1979) (state law principles applied to determine corporate directors' authority to terminate a stockholders' derivative suit brought against other directors where cause of action created by federal law); *Miree v. DeKalb County*, 433 U.S. 25, 31, 97 S.Ct. 2490, 2495, 53 L.Ed.2d 557 (1977) (Georgia contract law applied so long as the "litigation is among private parties and no substantial rights or duties of the United States hinge on its outcome."); *Singleton v. Foreman*, 435 F.2d 962 (5th Cir. 1970) (Florida law governed validity and enforcement of contingent fee contract between attorney and client); *Calhoun v. Cook*, 362 F.Supp. 1249, 1250 (N.D.

Ga.) (settlement agreement in school deseg-regation case governed by principles of Georgia law), *remanded on other grounds*, 487 F.2d 680 (5th Cir. 1973). *See generally* Ely, *The Irrepressible Myth of Erie*, 87 Harv.L.Rev. 693, 707–18, 727–28 (1974).

AFFIRMED.