[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
11/24/99
THOMAS  K. KAHN
CLERK

_____

No. 98-8887
_____

D.C. Docket No. 1:97-CV-1651-RCF


ROBIN HAYES,

                                        Plaintiff-Appellant,

    versus

NATIONAL SERVICE INDUSTRIES
AND NATIONAL LINEN SERVICE,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(November 24, 1999)**


Before CARNES, Circuit Judge, HILL, Senior Circuit Judge, and HOEVELER*, Senior District Judge.

_____
*Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.


HOEVELER, Senior District Judge:

Robin Hayes appeals from the decision below enforcing the settlement agreement negotiated by her attorney as to Hayes' action brought pursuant to Title VII, 42 U.S.C. §2000e. We must decide whether the nature of the underlying action, i.e., the employment discrimination claim, requires a departure from our general reliance on state law principles in determining whether to enforce a settlement agreement. We conclude that under the specific facts of this case it is proper to apply Georgia law to the construction and enforceability of this settlement agreement. Finding no abuse of discretion in the lower court's conclusion that Hayes' attorney had apparent authority to enter into the settlement on Hayes' behalf and that Hayes therefore was bound by the agreement, we affirm.

Hayes sued National Linen Service and its parent company, National Service Industries, Inc. (collectively, "National"), alleging wrongful discharge from her employment as a sales representative. The attorneys for the two parties settled the case. Hayes rejected the settlement, and National filed a motion to enforce the settlement agreement. The Magistrate Judge to whom the motion was referred issued a report finding that Rogers had apparent authority, and in fact believed he had actual authority, to settle the case. The report found that "the terms of the settlement are clear; plaintiff only contends that she did not consent", but noted that such issue was "irrelevant so long as her attorney has the apparent authority to

settle her case [under Georgia law]." Magistrate Judge's Order, Report and Recommendation, signed March 16, 1998, p.3. Hayes filed her objections to the report, claiming that she did not give Rogers the authority to settle the case on her behalf.

The district court overruled Hayes' objections, and adopted the report and recommendation, specifically agreeing that Rogers' had "apparent, if not actual, authority" to settle Hayes' claims. Defendants' motion to enforce was granted and Hayes' complaint was dismissed.

We must determine whether the trial judge abused his discretion in deciding to enforce the settlement agreement. Brooks v. Georgia State Bd. of Elections, 59 F.3d 1114, 1119 (11th Cir. 1995). In general, the law of contracts governs the construction and enforcement of settlement agreements. Blum v. Morgan Guaranty Trust Co. of New York, 709 F.2d 1463 (11th Cir. 1983). We also refer to state law principles when reviewing the scope of an attorney's authority to enter into a settlement agreement. Glazer v. J.C. Bradford and Co., 616 F.2d 167, 168 (5th Cir. 1980)[1] (enforcing settlement agreement as to brokerage commissions

---

[1]The Eleventh Circuit, in the en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

where attorney had apparent authority under Georgia law to enter into binding agreement on behalf of client).[2]

An attorney of record is the client's agent in pursuing a cause of action and under Georgia law "'[a]n act of an agent within the scope of his apparent authority binds the principal.'" Glazer, 616 F.2d at 168, quoting Davis v. Davis, 245 Ga. 233, 235-36 (1980). The attorney's authority is determined by the representation agreement between the client and the attorney and any instructions given by the client, and that authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. Brumbelow v. Northern Propane Gas Co., 251 Ga. 674, 675 (1983) (oral agreement enforceable against client who subsequently challenged attorney's authority to enter into agreement unless limitation on that authority had been communicated to opposing

---

[2]Hayes argues that we must apply special criteria instead of (or in addition to) traditional contract principles established in state law when deciding whether to enforce settlements involving Title VII claims. See, e.g., Puentes v. United Parcel Service, Inc., 86 F.3d 196, 198 (11th Cir. 1996) (summary judgment inappropriate where evidence of insufficient time to consider agreement or consult with an attorney raised question as to whether employee knowingly and voluntarily executed release of employment discrimination claims); Freeman v. Motor Convoy, Inc., 700 F.2d 1339, 1352 (11th Cir. 1983) (employee who signed conciliation agreement upon advice of EEOC "knowingly and voluntarily" executed the agreement and therefore was bound by its terms). This is not the applicable standard when reviewing a case in which the employee (or former employee) was represented by an attorney who settled the matter on the employee's behalf.

party). "The client is therefore 'bound by his attorney's agreement to settle a lawsuit, even though the attorney may not have had express authority to settle, if the opposing party was unaware of any limitation on the attorney's apparent authority.'" Ford v. Citizens and Southern Nat. Bank, Cartersville, 928 F.2d 1118, 1120 (11th Cir. 1991) (Georgia law applies to attorney settling claim for rescission of security deeds and damages), quoting Glazer, 616 F.2d at 168.

While Hayes asserts that her attorney lacked authority to settle this matter, it is undisputed that Hayes' attorney, Andrew Rogers, spoke with counsel for National, Sharon Morgan, and expressly told Morgan that he had authority from Hayes to settle the case for $15,000.00. Rogers Affidavit, February 26, 1998, ¶4; Morgan Affidavit, February 27, 1998, ¶4. According to Georgia law, an attorney has the apparent authority to enter into a binding agreement on behalf of a client and such agreement is enforceable against the client. Glazer, 616 F.2d at 168 (citations omitted). Thus, the agreement is enforceable against Hayes according to Georgia law.

Careful attention to the arguments raised by Hayes reveals that her challenge is simply as to the authority of her attorney to enter into the agreement.[3] Her attack

---

[3] Hayes is representing herself and, although she is not an attorney, has presented her arguments with admirable talent.

on the formation of the contract is answered conclusively by our discussion above. Hayes' attorney told counsel for National that he had authority to settle this matter. An agreement was reached, and it is enforceable against Hayes. We affirm.

AFFIRMED.