[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 99-13156

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2000
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00173-CV-DMM

EDWARD RESNICK, an individual,

Plaintiff-Appellee,

versus

UCCELLO IMMOBILIEN GMBH, INCORPORATED, a
foreign corporation doing business in Florida,
G & K INVESTMENTS MANAGEMENT, INC., a Florida
corporation,

Defendants-Appellants.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(September 22, 2000)**

Before EDMONDSON, BARKETT and RONEY, Circuit Judges.

PER CURIAM:

Uccello Immobilien, GMBH ("Defendant"), seeks to reverse a liquidated

damages award ordered pursuant to a settlement agreement with Edward Resnick ("Plaintiff"),[1] and to reverse the denial of a motion to extend the time of performance. Because the liquidated damages award was punitive, and because the district court did not abuse its discretion in denying the motion to extend time of performance, we vacate in part and affirm in part.

A.

Plaintiff and Defendant entered into a settlement agreement to bring Defendant's office building into compliance with the American with Disabilities Act ("ADA"), 42 U.S.C. § 12182, et seq.[2] The settlement required Defendant to begin construction for the accommodations 30 days after the district court approved the settlement (subject to Defendant obtaining the necessary building permits) and to complete the construction four months later. If Defendant could

---

[1] Four plaintiffs initially sued Defendant for alleged ADA violations. Resnick is the only plaintiff that moved to enforce the settlement agreement with Defendant; thus he is the only plaintiff for purposes of this appeal.

[2] The accommodations required by the settlement agreement include these things: (1) on-site disabled parking spaces with a curb cut; (2) a passenger drop-off area with a curb cut; (3) an on-street disabled parking space with a curb cut; (4) a fire alarm system with 75 candela strobe lights; (5) lower bank counters with enough space for knee clearance; (6) accessible hardware on doors; (7) lower drinking fountains; (8) braille in the elevator and on door jambs; (9) a lower emergency telephone in the elevator; and (10) accessible restrooms with signs indicating such.

not complete the project in a timely fashion due to circumstances beyond its control, then Defendant would be afforded a reasonable delay upon agreement of the parties or by court order.  Otherwise, delay in completion would result in liquidated damages of $100 per day plus costs and fees.

On 4 December 1997, the district court approved the settlement and retained enforcement authority.  See Kokkonen v. Guardian Life Ins. Co. of Amer., 114 S. Ct. 1673, 1677 (1994).  Defendant did not apply for a building permit until August 1998.  When Plaintiff visited the building in January 1999, he observed that the accommodations required by the settlement had not been completed; Plaintiff, however, was still able to transact his business in the building.  At Plaintiff's request, an ADA consultant then inspected the building to confirm which accommodations required by the settlement remained incomplete.

Plaintiff on 2 March 1999 filed a Motion to Enforce the Settlement against Defendant.  After filing four extensions to reply to Plaintiff's motion, Defendant responded in June 1999, at which time Defendant also moved to enlarge the time to satisfy the settlement.

The district court ordered Defendant to complete the accommodations, to pay Plaintiff's attorney's fees and costs, and to pay liquidated damages of

$18,500.00[3] to a charity as designated by Plaintiff. The court also denied

Defendant's motion for an extension of time to complete the accomodations.

Defendant now appeals.

B.

We review a court's decision to enforce a settlement agreement for an abuse

of discretion. Hayes v. National Serv. Indus., 196 F.3d 1252, 1254 (11th Cir.

1999). An error of law is an abuse of discretion per se. Alikhani v. United States,

200 F.3d 732, 734 (11th Cir. 2000). Principles governing general contract law

apply to interpret settlement agreements. Schwartz v. Florida Bd. of Regents, 807

F.2d 901, 905 (11th Cir. 1987); Crosby Forrest Products, Inc. v. Byers, 623 So. 2d

565, 567 (Fla. Dist. Ct. App. 1993). And, even though this settlement agreement

arose under the ADA, state contract law directs our analysis here.[4] See Hayes, 196

---

[3]The district court ordered Defendant to pay $100 per day for each day the improvements were not complete, dating back to 2 January 1999, four months after the city granted the building permit, until 7 July 1999, the day of the order.

[4]We generally disfavor federal common law and apply it in only rare instances concerning "rights and obligation of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases." Kobatake v. E.I. DuPont Nemours and Co., 162 F.3d 619, 624 n.3 (11th Cir. 1998) (quoting Texas Industries, Inc. v. Radcliff Materials, Inc., 101 S. Ct. 2061, 2067 (1981)); see also City of Huntsville v. City of Madison, 24 F.3d 169, 172 n.3 (11th Cir. 1994). Because this settlement agreement is between two private parties, federal common law does not apply. Cf. Brewer v.

F.3d at 1253 (applying state law to construction and enforceability of settlement agreement arising under Title VII); Schwartz, 807 F.2d at 905 (same).

Liquidated damages arising from breach of contract are appropriate when (1) damages from the breach are not readily ascertainable, and (2) the sum stipulated is not grossly disproportionate to the damages reasonably expected to follow from the breach.  MCA Television Ltd. v. Public Interest Corp., 171 F.3d 1265, 1271 (11th Cir. 1999); Hyman v. Cohen, 73 So.2d 393, 401 (Fla. 1954) (en banc).  But liquidated damages are inappropriate when they serve only to punish the breaching party.  Lefemine v. Baron, 573 So. 2d 326, 328-29 (Fla. 1991).

For the first element, potential damages arising from breach of this settlement agreement are not readily ascertainable.  Handicapped persons who are inconvenienced or harmed by Defendant's failure to comply with the settlement agreement may suffer some damage of varying degrees from Defendant's potential breach of contract.  Thus, some amount of liquidated damages might be appropriate in this context.

The amount of liquidated damages provided by the settlement agreement,

---

Muscle Shoals Bd. of Educ., 790 F.2d 1515, 1519 (11th Cir. 1986) (applying federal common law to interpret EEOC predetermination settlement agreement negotiated by EEOC); Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503, 1516 (11th Cir. 1985) (applying federal common law to interpret executive order conciliation agreement between government and employer).

however, is grossly disproportionate to the damages reasonably expected to flow from the breach. While liquidated damages may or may not precisely compensate for the actual breach, the disparity may not be so great as to compensate minimal damages with substantial sums. See MCA Television Ltd., 171 F.3d at 1271 ("Parties may not [] use [liquidated damages] provisions as a way to secure for themselves greater damages in the event of a breach than contract law would normally allow.").

In this case, Plaintiff entered the building in January 1999 and saw that the settlement requirements had not been met; he seemingly was not denied use of the building based on his handicap and was still able to complete his business there. Plaintiff has not alleged that he suffered monetary damages due to the breach; yet he seeks to enforce a $18,500 liquidated damages award. Absent the liquidated damages provision, Plaintiff would be entitled to minimal damages at best for the breach. The gross disparity between the stipulated amount of liquidated damages and the damages flowing from the beach causes the damages provision to fail.

That the district court ordered the damages award to be paid to a charity as directed by Plaintiff further establishes that this award was punitive and that Plaintiff suffered no actual damages from the breach. Plaintiff seeks no personal compensation for the breach; payment to the charity serves only to penalize

6

Defendant for nonperformance, much like payment to a public entity for violation of a local ordinance.

Plaintiff and the district court rely on Six Cos. of Cal. v. Joint Hwy Dist. No. 13, 110 F.2d 620 (9th Cir.), rev'd on other grounds, 61 S.Ct. 186 (1940), to argue that liquidated damages may be awarded when the breach inconveniences a group intended to benefit from the contract. In that case, the court awarded a municipality liquidated damages under a contract to build a highway and tunnel. The court held that, even where a municipality suffers no actual damages from the breach, liquidated damages are available for the "inconvenience and loss which will flow to its inhabitants for whose benefit the improvement is intended and at whose cost it is to be built." Id. at 625.

Six Cos. of Cal. is inapplicable to and distinguishable from the present facts. This contract does not involve a public entity, but instead a private charitable organization and disabled persons. Unlike public funds used to construct a major highway, the intended beneficiaries (disabled people who are denied access to Defendant's building) under the contract are not paying for the improvements. In addition, Plaintiff has not asserted that he has even been inconvenienced or suffered loss from the breach. See Multitech Corp. v. St. Johns Bluff Investment Corp., 518 So. 2d. 427, 433 (Fla. Dict. Ct. App. 1988) (finding it inequitable to

7

enforce liquidated damages for breach that "bore no significance to the [plaintiff]").

Liquidated damages are permissible where the award is intended as compensation for failure to perform. The liquidated damages provision at issue here, however, is a penalty intended to induce performance of the settlement agreement. See Hyman, 73 So. 2d at 398; Multitech Corp., 518 So. 2d at 432. The settlement agreement does not apportion liquidated damages based on the different accommodations not completed; Defendant is subject to the same penalty whether substantial or only minor improvements are incomplete. See Hyman, 73 So. 2d at 398; Smith v. Newell, 20 So. 249, 251 (Fla. 1896). Even Plaintiff in his filings refers to the liquidated damages clause as a penalty.

We vacate the award of liquidated damages because the award is grossly disproportionate to damages reasonably expected to flow from the breach and is solely punitive.

C.

The district court did not abuse its discretion in denying Defendant's motion to extend the time for performance. The settlement agreement provided that, if

circumstances beyond Defendant's control delayed performance, then the parties could agree to a reasonable delay. If the parties could not agree, then the court could extend the time. Sixteen months after the settlement agreement, Defendant moved to extend the time to complete performance, which the court denied.

Defendant's two excuses – the city required Defendant to upgrade the fire alarm system in the building and the general contractor needed to be replaced after suffering a severe car wreck in July 1998 – do not justify Defendant's failure to complete, in a timely way, at least some of the accommodations sought in Plaintiff's Motion to Enforce. Thus, the district court properly acted within its discretion in denying the motion to extend time.

## D.

Pursuant to the terms of the settlement agreement, the district court properly awarded Plaintiff, as the prevailing party, attorney's fees, costs and expert fees incurred in litigating at the district court.[5] The settlement agreement entitles the prevailing party in an enforcement action to an award of such fees. Notwithstanding our decision to set aside the award of liquidated damages, we

---

[5]Plaintiff's motion for fees and costs related to the appeal is DENIED.

9

affirm the district court's decision to award fees and costs for the proceedings in district court.

We remand to the district court to determine the appropriate amount of fees and costs to be awarded to Plaintiff.

VACATED in part, AFFIRMED in part, and REMANDED.

RONEY, Circuit Judge, dissenting:

I respectfully dissent. I would affirm the district court's decision.

To we who are fully able, it may seem that a disabled person suffers minimal damage when a building does not conform to the legal requirements, but for the person whom those regulations seek to protect, the harm may be far more than minimal. Obviously this is virtually impossible to quantify in economic terms. That is the exact reason that the law provides for liquidated damages. Otherwise there is no way to enforce compliance.

The appellant made an agreement. There is no just reason why it should not pay damages for failure to fulfill the terms of that agreement. Certainly, if the requirement was in the form of a mandatory injunction rather than a settlement agreement, the assessment of the minimal amount here for violation of that injunction would not be questioned by this Court. Although this is an individual case, not a class action, the settlement agreement was intended to benefit others than the plaintiff and it seems to me the district court's decision should be reviewed with that in mind.