In the Matter of David
**L. ARRINGTON,**
Debtor.

**J. Coleman Tidwell, Chapter
7 Trustee, Trustee,**

**and**

**David L. Arrington, Debtor,**

v.

**A & M Check Cashing, Inc.
and Ingleside Florist,
Respondents.**

**No. 02–51468 RFH.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

April 18, 2003.

Ed S. Sell, III, Macon, GA, for trustee.

F. Kennedy Hall, Neal Weinberg, Macon, GA, for Debtor.

Robert A. Fricks, Macon, GA, for A & M Check Cashing, Inc.

Jason M. Orenstein, Macon, GA, for Ingleside Florist.

Mark Roadarmel, Macon, GA, for United States Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

J. Coleman Tidwell, Chapter 7 Trustee, Trustee, filed objections to the allowance of certain claims on October 24, 2002. A & M Check Cashing, Inc. and Ingleside Florist (collectively "Respondents") filed responses on November 29, 2002. David L. Arrington, Debtor, filed objections to Respondents' claims on December 26, 2002, and January 21, 2003. The objections to claims came on for hearing on January 22, 2003, and February 25, 2003. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Debtor owned an interest in certain commercial real property (the "realty").[1] There was a pending contract to sell the realty for more than $1 million. Respondents believed that Debtor's share of the net proceeds would total some $300,000. Respondents and a third creditor, Snead & Associates, were concerned that Debtor would sell the realty, but would not use the proceeds to satisfy his obligations.

Respondents and Snead & Associates filed on April 4, 2002, an involuntary petition under Chapter 7 of the Bankruptcy Code against Debtor.[2] The Court entered an order scheduling an expedited hearing for the appointment of an interim trustee. The hearing was set for April 11, 2002. Debtor filed on April 11, 2002, a number of motions in response to the involuntary petition.[3]

An amendment to the involuntary petition was filed on April 11, 2002. The amendment adds Larry A. Williams and Pete Welborne as petitioning creditors.

Debtor reached an agreement with Respondents and the other petitioning creditors. The terms of the settlement agreement were announced in open court on April 11, 2002. Debtor consented to the entry of an order for relief under Chapter 7 of the Bankruptcy Code.[4] Debtor agreed to withdraw his motions. Respondents and the other petitioning creditors agreed to file their proofs of claim within ten days.[5] Mark Roadarmel, Assistant United States Trustee, announced that he would expedite the appointment of a Chapter 7 trustee so that the trustee could review the pending sale of Debtor's realty.[6] The settlement agreement announced in open court did not address the consequences of any party's failure to perform under the terms of the agreement.

Debtor, on April 11, 2002, withdrew his motions filed in response to the involuntary petition. The Court entered on April 11, 2002, an order for relief under 11 U.S.C.A. § 303. J. Coleman Tidwell was appointed to be the Chapter 7 Trustee.

Respondents and the other petitioning creditors failed to file proofs of claim within ten days (that is, by April 21, 2002). Respondents' counsel concedes that he simply neglected to file the proofs of claim.

The Clerk of Court sent a notice dated April 19, 2002, advising that creditors must file proofs of claim on or before July 18,

---

1. Debtor's sister and other entities also owned interests in the realty.

2. 11 U.S.C.A. § 303(b)(1) (West 1993).

3. Debtor filed a motion to dismiss the involuntary petition, a motion to continue the hearing set for April 11, 2002, and a motion to require Respondents to post bond.

4. 11 U.S.C.A. § 303(h) (West 1993).

5. Transcript of Hearing at 5–7.

6. *Id.* at 6.

2002, ("the bar date").[7] Respondents,[8] Mr. Williams, Mr. Welborne,[9] and a number of other creditors filed proofs of claim prior to the bar date. Snead & Associates did not file a proof of claim.

Debtor filed his bankruptcy schedules on April 26, 2002. Debtor listed as disputed his obligations to Respondents. Debtor noted on an attachment to Schedule F that the claims of Respondents and the other petitioning creditors "are barred by failure to comply with the agreement. The claims were not filed within [ten] days."

The Court entered an order on July 19, 2002, granting Debtor a discharge from all dischargeable obligations. Trustee has liquidated Debtor's commercial realty. The assets of the bankruptcy estate may be sufficient to pay all claims in full and return a dividend to Debtor.

Trustee and Debtor argue that Respondents' claims should be disallowed because the claims were not filed within ten days.[10] Debtor argues that he relied upon the ten-day commitment in agreeing to dismiss his motions.

In *Schwartz v. Florida Board of Regents,*[11] the Eleventh Circuit Court of Appeals stated, in part, as follows:

The construction of the settlement agreement is a question of law subject to *de novo* review by this court. A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law. Words in a con-

tract are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement. Nor is the court to add to a settlement terms that were not contemplated by the parties. The court's role is to determine the intention of the parties from the language of the agreement, the apparent objects to be accomplished, other provisions in the agreement that cast light on the question, and the circumstances prevailing at the time of the agreement.

807 F.2d at 905.

■ "An agreement to settle a legal dispute is a contract.... The enforceability of settlement agreements is governed by familiar principles of contract law. A settlement contract may not be unilaterally rescinded. Upon breach by one party, the other party may obtain damages or specific performance as appropriate." *Village of Kaktovik v. Watt,* 689 F.2d 222, 230 (D.C.Cir.1982).

■ "Where the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might, or would have been, had the parties chosen to litigate rather than settle." *J. Kahn & Co. v. Clark,* 178 F.2d 111, 114 (5th Cir.1949).

■ "[T]he fact that the [settlement] agreement is not in writing does not render it unenforceable." *Hensley v. Alcon*

---

7. *See* Fed. R. Bankr.P. 3002(c)(5). The notice was sent after Trustee determined that assets may exist to pay claims.

8. A & M Check Cashing, Inc. filed on May 1, 2002, a proof of claim for $50,722.82. Ingleside Florist filed on June 18, 2002, a proof of claim for $9,192.00.

9. Trustee filed objections to the claims filed by Mr. Williams and Mr. Welborne. Trustee

announced that these creditors have agreed to accept 85% of their claim amount.

10. Trustee and Debtor also dispute the merits of Respondents' claims. Trustee advises that an evidentiary hearing would be needed to consider the merits of the claims.

11. 807 F.2d 901 (11th Cir.1987).

*Laboratories, Inc.,* 277 F.3d 535, 540 (4th Cir.2002).

Georgia law may provide the remedy for Respondents' breach of the settlement agreement. *Resnick v. Uccello Immobilien GMBH, Inc.,* 227 F.3d 1347, 1350 n. 4 (11th Cir.2000) ("Because this settlement agreement is between two private parties, federal common law does not apply.") (state contract law applies even though settlement agreement arose under the American with Disabilities Act); *Hayes v. National Service Industries,* 196 F.3d 1252 (11th Cir.1999) (applying Georgia law to construction and enforceability of settlement agreement arising under federal employment discrimination claim).

■ Under both federal law and state law, the usual remedy for breach of a settlement agreement is monetary damages or specific performance. *See Penobscot Indian Nation v. Key Bank of Maine,* 112 F.3d 538, 558 n. 28 (1st Cir.), *cert. denied,* 522 U.S. 913, 118 S.Ct. 297, 139 L.Ed.2d 229 (1997); *TNT Marketing, Inc. v. Agresti,* 796 F.2d 276, 278 (9th Cir.1986); *Hayes,* 196 F.3d at 1253–54 (vacating liquidated damages award that was grossly disproportionate to damages reasonably expected to flow from breach of settlement agreement); *Paul Dean Corp. v. Kilgore,* 252 Ga.App. 587, 556 S.E.2d 228, 234 (2001) (punitive damages not recoverable for breach of settlement agreement even if breaching party acted in bad faith).

■ The usual remedy for breach of contract is monetary damages. *See United States v. Winstar Corp.,* 518 U.S. 839, 116 S.Ct. 2432, 2460, 135 L.Ed.2d 964 (1996) ("damages are always the default remedy for breach of contract").

A settlement agreement is a contract under Georgia law. *Gray v. Higgins,* 205 Ga.App. 52, 421 S.E.2d 341, 344 (1992);

*Hall v. Coram Healthcare Corp.,* 157 F.3d 1286, 1289 (11th Cir.1998), *cert. denied,* 526 U.S. 1114, 119 S.Ct. 1760, 143 L.Ed.2d 791 (1999); *Wong v. Bailey,* 752 F.2d 619, 621 (11th Cir.1985).

■ It is undisputed that Respondents breached the settlement agreement by failing to file their claims within ten days. The issue presented is the proper remedy for Respondents' breach.

The settlement agreement does not address the remedy for a breach of the agreement. The Court can only conclude that the usual remedy for a breach should apply. The Court is persuaded that an award of monetary damages is the appropriate remedy for Respondents' breach. The Court notes that specific performance is not possible because the ten-day period has long since expired. Rescission of the settlement agreement is not possible.[12] Trustee has substantially administered Debtor's bankruptcy estate.

■ Debtor argues that the remedy for Respondents' breach should be disallowance of Respondents' claims. The Court notes that neither law nor equity favors forfeitures. *See Hendrix v. W.R. Altman Lumber Co.,* 145 F.2d 501, 504 (5th Cir. 1944); *Ory v. Tate,* 211 Ga. 256, 85 S.E.2d 36, 39 (1954); *APAC—Georgia, Inc. v. Dept. of Transportation,* 221 Ga.App. 604, 472 S.E.2d 97, 99 (1996), *cert. denied,* (all ambiguities in a contract are resolved against existence of a forfeiture).

"[Debtor] cannot be placed in a better position than he would have been in if the contract had not been breached." *Gainesville Glass Co. v. Don Hammond, Inc.,* 157 Ga.App. 640, 278 S.E.2d 182, 186 (1981).

If Respondents had filed their claims within ten days, the claims would have

---

**12.** Respondents suggest that Debtor could be

allowed to contest the involuntary petition.

been allowed unless Debtor successfully contested the merits of the claims. Forfeiture would put Debtor in a better position than if Respondents had timely filed their claims.

Respondents argue that the consequences of not filing their claims within ten days should be the subordination of their claims to other claims filed before the bar date. *See* 11 U.S.C.A. § 726(a)(3) (West 1993) (allowed unsecured claim proof of which is tardily filed receives distribution after timely filed claims and before distribution to debtor). The Court is not persuaded by Respondents' argument. Respondents breached the settlement agreement and the remedy is damages caused by the breach.

Debtor hotly contests the merits of Respondents' claims. Debtor argues that he could have successfully controverted the involuntary petition. Respondents, on the other hand, argue that the involuntary petition was a "slam dunk." Respondents suggest certain misconduct by Debtor prior to the involuntary petition.

These arguments, however, are not relevant to the remedy for Respondents' breach of the settlement agreement. *See J. Kahn & Co.*, 178 F.2d at 114. The issue is what damages, if any, Debtor suffered because Respondents did not file their claims within ten days.

Debtor bears the burden of proving his damages. The Court, from the record and arguments of counsel, cannot determine the amount of damages, if any, that Debtor may have suffered.

Trustee advises that an evidentiary hearing would be needed to consider the merits of Respondents' claims. Debtor should present evidence of his damages at that hearing.

An order in accordance with this memorandum opinion will be entered this date.