Antonio BAILEY, et al., Plaintiffs,

v.

**MEAD SOUTHERN WOOD PRODUCTS, Defendant.**

No. CIV.A. 02–A–1115–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Dec. 3, 2003.

Joseph (Jay) Brady Lewis, Eileen L. Harris, The Law Office of Jay Lewis, Montgomery, AL, Andrew Clay Allen, Richard P. Rouco, Whatley Drake, LLC, Birmingham, AL, Thomas F. Worthy, Funderburk, Day & Lane, Phenix City, AL, for Plaintiffs.

Robert Calhoun, Pittsview, AL, Pro se.

J. Frederic Ingram, Marcel L. Debruge, Ashley H. Hattaway, Burr & Forman LLP, Birmingham, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This case is before the court on a Joint Motion to Enforce the Settlement Agreement filed by the Defendant, Mead Coated Board, Inc.[1] and the Plaintiffs in this case, with the exception of James White, Lamarta Ward, Anthony Ivory, John Thomas, George Jones, Leon Comer, and Ocie Williams, who are represented by a different attorney from the settling Plaintiffs, and Antonio Bailey and Robert Calhoun. Antonio Bailey and Robert Calhoun were included in the Settlement Agreement but have objected to its enforcement.

The court held an evidentiary hearing on the Joint Motion on November 25, 2003.

For reasons to be discussed, based on the submissions of the parties and the evidence and argument presented at the evidentiary hearing, the Motion to Enforce the Settlement Agreement is due to be GRANTED.

## II. *FACTS*

Based upon the testimony and exhibits presented at the evidentiary hearing, the court makes the following finding of facts relevant to the Motion to Enforce the Settlement Agreement:

Multiple plaintiffs brought claims against the Defendant in this case and in a related case which was pending in this district court before a different federal district judge. The Plaintiffs were represented by two different attorney groups. One group of Plaintiffs, consisting of 41 Plaintiffs in this case and the related case ("Settling Plaintiffs") negotiated a settlement through their attorney with the Defendant. The remaining plaintiffs have not settled their claims.

The Settling Plaintiffs authorized their attorney to settle their claims for a lump sum amount which would be paid by the Defendant in settlement of all of the Settling Plaintiffs' claims. There is no objection to the lump sum amount. The Settling Plaintiffs also collectively authorized their attorney, Andrew Allen, to divide the lump sum settlement amount in accordance with his best judgment, based upon an evaluation of the relative merit of the individual claims. The Settling Plaintiffs voted collectively to authorize Andrew Allen to apportion the lump sum settlement amount as best he saw fit.

Thirty nine of the Settling Plaintiffs have accepted the settlement and executed releases. Only Antonio Bailey ("Bailey") and Robert Calhoun ("Calhoun") refused to accept the settlement and execute a release. Bailey's objection to the settlement is that he thought he should have

---

1. The Defendant represents that it was improperly designated in the original Complaint and that the correct name is now MeadWestvaco Coated Board, Inc.

been included in the sub-group of Settling Plaintiffs which received the greatest amount in settlement. Bailey testified at the hearing that during a meeting prior to the Settling Plaintiffs' vote to allow Andrew Allen to apportion the lump sum settlement amount, Andrew Allen used Bailey's case as an example and said that his case was one of the strongest.

Calhoun does not object to the settlement sub-group in which Andrew Allen placed him, but contends that the amount awarded to all persons in that group was lower than the amount originally represented to be the amount which would be awarded to the group. Calhoun testified, however, that he was never promised a particular amount in settlement.

Both Bailey and Calhoun concede that they authorized their lawyer, Allen, to accept the Defendant's lump sum settlement offer to the Settling Plaintiffs. They also concede that they agreed for Allen to determine the allocation of the lump sum among the Settling Plaintiffs, but say that they did so based on what Allen had represented to them.

### III. *DISCUSSION*

■■■ The state law of contracts governs the construction and enforcement of settlement agreement in this case. *See Hayes v. National Serv. Ind.*, 196 F.3d 1252 (11th Cir.1999); *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 n. 4 (11th Cir.2000). Federal courts in the Eleventh Circuit also refer to state law principles when reviewing the scope of an attorney's authority to enter into a settlement agreement. *Hayes*, 196 F.3d at 1254.

■■■ Under Alabama law, an attorney cannot settle a client's case without express, special authorization from the client. *Benitez v. Beck*, No. 2020671, 2003 WL 21770804 at *3 (Ala.Civ.App. Aug. 1, 2003). An agent's apparent authority must be

founded upon the conduct of the principal, not the agent. *Id.*

Although Bailey has argued that there was no "meeting of the minds" in this case, Bailey and Calhoun have not objected to the lump sum amount which the Defendant agreed to pay, nor have they argued that the settlement with the Defendant was obtained through fraud, accident, or mistake. *See Benitez*, 2003 WL 21770804 at *2. Instead, two arguments have been advanced in this case: one, that the law requires that the plaintiffs' attorney be authorized to settle as to a particular amount, and two, that Bailey and Calhoun were mislead as to, or at least misunderstood, information upon which they relied in agreeing to give their attorney authorization to divide the Plaintiffs into subgroups as he saw fit for purposes of division and distribution of the lump sum settlement.

The first argument has been rejected by courts applying Alabama law under the reasoning that if an attorney specifically is authorized to settle a plaintiff's claims, there need not be authorization to settle for a particular amount. *See, e.g., Lackey v. Cagle's Inc.*, No. CV–98–AR–667–M, 1998 WL 1037916 (N.D.Ala. Dec. 7, 1998) (settlement agreement enforced even though client did not agree to settlement in a particular amount where plaintiff expressly gave authorization to settle her claims).

■■ The second argument does not appear to have been squarely addressed in Alabama, but has been rejected by courts in other jurisdictions. In *Muhammad v. Strassburger, McKenna, Messer, Shilobod, and Gutnick*, 526 Pa. 541, 587 A.2d 1346, 1351 (Pa.1991), the court reasoned that although a plaintiff may be entitled to bring a separate claim against an attorney who fraudulently induced a client to enter into a settlement agreement, even fraudu-

lent inducement "does not alter the settlement agreement between plaintiff and defendant, since it is not the opposition who has committed the fraud ...." *See also Christianson v. Henderson,* No. 4–97–CV–20826, 2000 WL 33364122 (S.D.Iowa March 10, 2000) (where settling party made a mistake because of action of its attorney, absent evidence of fraud or inequitable conduct on the part of the other party, the settlement agreement would be enforced). Although these opinions are not binding on this court, this court is persuaded by their reasoning in applying Alabama law.

In this case, the evidence before the court establishes that all of the plaintiffs covered by the settlement agreement, including Bailey and Calhoun, authorized their attorney to settle the case for a lump sum amount and authorized the attorney to divide up that amount in a manner deemed appropriate by the attorney. The Defendant, acting in good faith and with no suggestion of any wrongdoing on its part, agreed to the settlement with the Settling Plaintiffs' attorney acting on that authority. Based on the evidence presented, therefore, the court concludes that the attorneys who were representing Bailey and Calhoun at the time of the settlement had express, special authorization from the clients, and the settlement agreement is due to be enforced.

## IV. *CONCLUSION*

For the reasons discussed, the court concludes that the Joint Motion to Enforce the Settlement Agreement (Doc. # 33) is due to be and is hereby ORDERED GRANTED and the Settlement Agreement is ORDERED enforced. Upon payment of the lump sum settlement by the Defendant, payment to the Settling Plaintiffs of the amounts allocated to them by counsel, and the filing of a Notice of Compliance, all claims of the Settling Plaintiffs, including Antonio Bailey and Robert Calhoun, will be dismissed.