[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2011
JOHN LEY
CLERK

No. 11-12617
Argument Calendar
_____

D.C. Docket No. 1:10-cv-00853-CAP

LUIS E. RAMOS,

                              Plaintiff-Counter Defendant-Appellant,

versus

CKS PACKAGING, INC.,
JEFF ELBON,
DREW SEWELL,

                              Defendants-Counter Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 13, 2011)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Luis Ramos, proceeding *pro se*, appeals the district court's order overruling his objections to the settlement of his age and disability employment action brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12112(a) and 12203(a) ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) and (d) ("ADEA"), and the Fair Labor Standards Act, 29 U.S.C. § 216 ("FLSA"). Before the district court, Ramos argued that he was entitled to revoke the settlement of his employment action because, under the Older Workers Benefit Protection Act of 1990 ("OWBPA"), he had a seven-day window to revoke the agreement from the time of its execution. On appeal, Ramos argues instead that his decision to settle the employment action was the result of the undue influence and economic duress of his prior counsel. Ramos does not raise an argument in his initial appellate brief regarding any right to revoke the agreement under the OWBPA.

CKS Packaging, Inc., Jeff Elbon, and Drew Sewell (collectively, "CKS"), argue that the district court did not err in overruling Ramos's objections because, *inter alia*, Ramos waived the argument he raises on appeal by failing to raise it before the district court. CKS has also moved for sanctions against Ramos, which will be addressed by separate order.

We review a district court's decision to enforce a settlement agreement for

2

an abuse of discretion. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999). However, we will generally only review claims that have been raised before the district court. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598-99 (11th Cir. 1995). In addition, although we will construe *pro se* briefs liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Because Ramos failed to raise in the district court, the claim he makes on appeal, concerning the undue influence and economic duress of his prior counsel, Ramos has waived that issue and we will not consider it on appeal. *Resolution Trust Corp.*, 43 F.3d at 598-99. Additionally, Ramos has also abandoned the issues he raised in the district court by failing to raise them in his initial appellate brief. *See Timson*, 518 F.3d at 874.

Accordingly, upon review of the record and the parties' briefs, we affirm.

**AFFIRMED.**