[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12289
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:08-cv-02656-ODE,
Bkcy No. 07-06325-PWB

In Re:

THE CROSS LINK GROUP, LLC,
d.b.a. Lanik,
d.b.a. Cascade Station,
d.b.a. Protax,
d.b.a. Crosslink Realty,

Debtor.

_____

THE CROSS-LINK GROUP, LLC.,

Plaintiff-Appellant,

versus

FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 11, 2012)

Before DUBINA, Chief Judge, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

The Cross-Link Group, LLC appeals the district court's order granting Fidelity & Guaranty Insurance Underwriters, Inc.'s motion to enforce a settlement between them. Cross-Link contends that the district court abused its discretion by enforcing a preliminary settlement agreed to on June 4, 2010. The terms of that settlement agreement were documented in email exchanges between the parties. However, Cross-Link was displeased with the contents of the Release attendant to the final settlement agreement presented to it on June 7, 2010 and refused to sign it.

We review a district court's decision to enforce a settlement agreement for abuse of discretion. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999). "A district court has inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens*

*and S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991) (citations and internal quotations omitted).  In its email to Fidelity, Crosslink wrote, "Crosslink is willing to accept the settlement offer of $218,000 in exchange for a full release."  [R.55-1 at 10.] Fidelity responded, "[W]e have a settlement in the amount of $218,000." *Id.* at 8.  Thus, whatever problems the parties may have encountered in reducing their agreement to a final writing, the district court was well within its discretion to enforce the settlement.  The district court correctly found that the parties had a meeting of the minds with regard to the terms of the settlement.

In its briefs, Crosslink also raises the issue of the attorneys' fee award.  The Notice of Appeal, however, appeals only the "Order Enforcing Settlement entered in this action on August 6, 2010" [R.99 at 1.], not the order granting attorneys' fees entered by the district court on April 14, 2011. [R.98.]  Therefore, the issue of attorneys' fees is not properly before this court.[1]

AFFIRMED.

---

[1]As the issue of attorneys' fees is not before us, the motion to intervene filed by Krause, Golomb & Witcher—Crosslink's counsel in the underlying case—is DENIED as moot.