[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13739

Non-Argument Calendar

_____

DONNA COOPER,

Plaintiff-Appellant,

*versus*

CHIEF FINANCIAL OFFICER OF FLORIDA,
in his official capacity
as Chief Financial Officer of the State of Florida,
MICHAEL WARNER,
in his individual capacity
as officer of the Florida Bureau of Insurance Fraud,

Defendants-Appellees.

2                    Opinion of the Court                    23-13739

———————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-01331-KKM-AAS

———————————————————

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Video footage is often useful because of its ability to provide an accurate depiction of events. Officers especially find it valuable when it is available to help establish probable cause for an arrest. In a legal conflict, video evidence may even yield an evidentiary basis sufficient to dispel a genuine dispute of material fact. Determining the underlying facts is made easier when the validity of the video is left unchallenged. Such was the case here.

**I**

On November 17, 2015, Donna Cooper fell in the meat aisle at a Publix store. She completed a customer incident report before leaving the store, claiming to have slipped on "chicken juice" coming from underneath the meat coolers. Witnesses testified to seeing the chicken juice on the ground.

About four years later, on November 8, 2019, Ms. Cooper filed a civil complaint against Publix for negligence, alleging that she suffered bodily injury, pain and suffering, and other economic and non-economic damages from her fall. When deposed, Ms.

Cooper testified under oath that she did not notice the liquid on the floor prior to falling and did not wipe her foot through the liquid. On October 15, 2020, Ms. Cooper made a demand to settle the action for $500,000.00.

Ms. Cooper's fall had been recorded by Publix's surveillance cameras. Publix, a self-insured entity, retained Specialty Group to investigate Ms. Cooper's claim. After reviewing the surveillance footage, Specialty Group concluded that Ms. Cooper "staged" her fall and "had prior knowledge of the liquid on the ground." It based this determination on the video showing Ms. Cooper suspiciously looking down at the floor, standing over a liquid, sliding her foot forwards and backwards through the liquid, looking around at other customers, and placing her right hand on the edge of the coolers before stepping forward, as if to brace herself for the fall she was staging. Specialty Group consequently provided an Affidavit of Loss and Claim Presentation to the Florida Department of Financial Services with its findings and requesting that the Department's Bureau of Insurance conduct further investigation.

The information was received by Lieutenant Erik Anderson, who assigned the case to Detective Michael Warner, "a sworn law enforcement officer operating under Lieutenant Anderson's supervision." After investigating, Detective Warner prepared a Law Enforcement Investigative Report which stated that Ms. Cooper had committed four Florida criminal offenses, including communications fraud (Fla. Stat. § 817.034(4)(b)(1)), theft (Fla. Stat.

§ 812.014(2)(a)(1)), insurance fraud (Fla. Stat. § 817.234(11)(c)), and organized fraud (Fla. Stat. § 817.034(4)(a)(1)).

Detective Warner arrested Ms. Cooper for these offenses without a warrant in May of 2021. A little over a month later, the state attorney dropped the charges by filing a "No Information." Ms. Cooper voluntarily dismissed her negligence action against Publix with prejudice on December 6, 2021.

Ms. Cooper sued Jimmy Patronis, in his official capacity as Chief Financial Officer of Florida, asserting a state tort claim for false arrest. She also sued Detective Warner, in his individual capacity as an officer of the Florida Bureau of Insurance Fraud, asserting a claim under 42 U.S.C. § 1983 for arresting her without probable cause.

Mr. Patronis and Detective Warner moved for summary judgment, which was granted by the district court. The court ruled that Detective Warner had probable cause to arrest Ms. Cooper for violating at least two of the four Florida statutes in question, i.e., those prohibiting communications fraud and theft. The court reasoned that the facts shown in the surveillance video—which recorded the entirety of the episode and was not disputed by Ms. Cooper—when combined with her subsequent actions and statements, sufficiently provided Detective Warner with probable cause to arrest Ms. Cooper. Because probable cause constitutes an absolute bar to a false arrest claim under both federal and state law, the court granted summary judgment in favor of Mr. Patronis and Detective Warden. Ms. Cooper now appeals.

## II

We review a district court's summary judgment order *de novo*. *See Butler v. Smith*, 85 F.4th 1101, 1111 (11th Cir. 2023). We view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in her favor. *See id.* Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Generally speaking, "[a] fact is 'material' if it has the potential of 'affect[ing] the outcome' of the case." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (quoting *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016)).

## A

Actual probable cause is an absolute bar to a false arrest claim under 42 U.S.C. § 1983 and Florida law. *See Turner v. Williams*, 65 F.4th 564, 589 (11th Cir. 2023) (quoting *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998)). In Florida, actual probable cause is an affirmative defense to a tort claim for false arrest; the burden is on the defendants to prove probable cause existed. *See Rankin*, 133 F.3d at 1436 (internal citations omitted). Conversely, to prevail on a § 1983 claim, plaintiffs must meet their "burden of demonstrating the *absence* of probable cause[.]" *See id.* (emphasis added) (internal citations omitted).

Probable cause exists under federal law and Florida law when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would

cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Rankin*, 133 F. 3d at 1435 (quoting *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995)). Officers must have more than "mere suspicion," but need not have "convincing proof." *Id.* (internal citations omitted). Under this standard, the "arrest must be objectively reasonable based on the totality of the circumstances." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (internal quotation marks omitted).

Significantly, probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (internal quotation marks and citations omitted). We agree with the district court that Detective Warner had probable cause to arrest Ms. Cooper based on the undisputed record evidence. The unchallenged video recorded by Publix's surveillance cameras shows what happened during the incident. And it is undisputed that Ms. Cooper subsequently filed a civil action, made deposition statements, and made a settlement demand.

Specifically, the video captured "[Ms.] Cooper stopp[ing] and look[ing] down at the floor and then slid[ing] her foot multiple times across the floor in a manner consistent with someone trying to rub something off her shoe or examining a substance on the floor." Ms. Cooper then stepped forward before falling, holding onto the side of the meat cooler and only letting go after she was already on the floor. As the video captures the entire incident, we

find that it, along with Ms. Cooper's later conduct and statements, constitutes "reasonably trustworthy information" to establish probable cause for an arrest. *See Rankin*, 133 F.3d at 1436 (quoting *Williamson*, 65 F.3d at 158). Any reasonably prudent person who watched Ms. Cooper's behavior in the video and knew of her subsequent actions and admissions—as Detective Warner was aware—would conclude that there was probable cause to arrest Ms. Cooper for at least two of the four offenses in question, i.e., communications fraud and theft. We explain why below.

**1**

We conclude that Detective Warner had probable cause to arrest Ms. Cooper for committing communications fraud. Under Fla. Stat. § 817.034(4)(b)1, "[a]ny person who engages in a scheme to defraud and, in furtherance of that scheme, communicates with any person with intent to obtain property from that person is guilty, for each such act of communication," of a third degree felony '[i]f the value of property obtained or endeavored to be obtained by the communication is valued at $300 or more.'" A reasonable person, aware of what was depicted in the video, of Ms. Cooper's civil negligence action against Publix, of her deposition statements supporting the civil action, and of the $500,000.00 settlement demand would consider these statements and actions to constitute a communication with fraudulent intent to obtain more than $300 from Publix.

Ms. Cooper argues that probable cause for communications fraud cannot be based on her civil action and settlement demand

because they were statements made or filed by her retained counsel, rather than herself. But it is common knowledge that actions filed by counsel are done on the client's behalf. *See Hayes v. National Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999) ("The attorney's authority is determined by the representation agreement between the client and the attorney . . . and that authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties.") (internal quotation marks and citation omitted). The fact that these communications were made by way of legal representation does not negate probable cause to arrest Ms. Cooper.

We also conclude that Detective Warner had probable cause to arrest Ms. Cooper for committing theft. Under Fla. Stat. § 812.014, a person commits "grand theft in the first degree, punishable as a felony in the first degree," "if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another with the intent to, either temporarily or permanently [d]eprive the other person of a right to the property or a benefit from the property." The video depicting Ms. Cooper's actions, combined with her deposition testimony and settlement demand, would lead a reasonable person to believe that she staged her fall and lied about it to obtain money from Publix—money that she was not entitled to.

The district court properly entered summary judgment in favor of Detective Warner.

**2**

Because we find that there was probable cause for Ms. Cooper's arrest, summary judgment on the state tort false arrest claim against Mr. Patronis—who was sued in his official capacity as Chief Financial Officer of Florida—was also appropriate. "While probable cause is an affirmative defense to Florida's false arrest claim, probable cause existed . . . as a matter of law." *Turner*, 65 F.4th at 589. Our finding of probable cause precludes liability for Mr. Patronis.

**B**

Finally, we note in an abundance of caution, there is no "genuine dispute of material fact" in this case with respect to the underlying facts. First, the video captures the entire incident at the Publix store. Second, at no point has Ms. Cooper challenged the validity or accuracy of the video.

Ms. Cooper does not dispute that Publix's surveillance cameras recorded the entire incident from start to finish. In fact, she confirms in her reply brief that she has no dispute about the video's authenticity. The only fact Ms. Cooper disputes is whether she saw the liquid on the ground before falling, but this is not determinative in the probable cause analysis. Whether Ms. Cooper actually saw the liquid prior to her fall is a question of fact that might have been important to the jury in her negligence action against Publix, or to a jury in her criminal case (had it not been dismissed), but it is not probative as to the false arrests claim at issue here. This is because when we are determining whether there was probable cause, we look only to whether a reasonable person in the officer's position

would have believed probable cause existed; the arrestee's subjective perspective and whether a crime was actually committed is not determinative. *See Wesby*, 583 U.S. at 57; *Manners v. Cannella*, 891 F.3d 959, 968 (11th Cir. 2018).

We agree with the district court that the *material* facts—i.e., Ms. Cooper's behavior as depicted in the unchallenged video and her subsequent actions and statements—are undisputed.

### III

Given the underlying facts as shown in the unchallenged video and Ms. Cooper's subsequent suit against Publix, we conclude that Detective Warner had probable cause to arrest Ms. Cooper for communications fraud and theft. As probable cause completely bars a false arrest claim under both federal law and Florida law, the district court properly granted summary judgment in favor of the defendants. *See Turner*, 65 F.4th at 589.

**AFFIRMED.**