[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2005
THOMAS K. KAHN
CLERK

No. 05-11292
Non-Argument Calendar

_____

D.C. Docket No. 03-01189-CV-T-26-TGW

MOHAMMED HUSEIN BHADELIA,
an individual and citizen of Karachi Pakistan,
MOHAMMED FAROOQ BHADELIA,
an individual and citizen of the U.S.A,

Plaintiffs-Counter-
Defendants-Appellants,

versus

MARINA CLUB OF TAMPA,
HOMEOWNERS ASSOCIATION, INC.,
A Florida (F.S. Chapter 720) corporation,

Defendant-Counter-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 27, 2005)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs Mohammed Husein Bhadelia and Mohammed Farooq Bhadelia, who are brothers, appeal the district court's enforcement of a settlement agreement between them and defendant Marina Club of Tampa, Homeowners Association, Inc. ("Marina Club"). After review, we affirm.

## I. BACKGROUND

A.    The Dispute

Husein Bhadelia is a citizen and resident of Pakistan. His brother, Farooq Bhadelia is a citizen of the United States of America.

In 1993, Husein Bhadelia purchased three condominium buildings in Tampa, Florida. Two of the condominium buildings were complete, but the third was merely an open shell and construction site. After Husein Bhadelia purchased the buildings, his brother, Farooq Bhadelia, acted as Husein Bhadelia's agent and sold most of the remaining units in the two completed buildings. However, the Bhadelias allowed the third building to remain an open shell and construction site.

The condominium unit owners in the two other buildings were upset with the appearance of the unfinished building and the effect it was having on property values. For the next ten years, the Bhadelias and the Marina Club, which served

2

as the homeowners association for the condominium unit owners, periodically engaged in disputes over the unfinished building.

On August 1, 2003, the Bhadelias filed an amended complaint against Marina Club alleging that the Marina Club: (1) retaliated against them in violation of the Americans with Disabilities Act and the Federal Fair Housing Act; (2) discriminated against them after the September 11, 2001 attacks; (3) improperly placed liens on the Bhadelias' property; and (4) fraudulently represented that it had authority to manage the common areas of the condominium complex.[1]

The Marina Club filed a counterclaim seeking: (1) title to all common areas and amenities; (2) title to the unfinished building and all other non-developed land; and (3) an injunction preventing the Bhadelias from maintaining a nuisance.

B.     The Settlement

On July 7, 2004, the district court referred the parties to court-ordered mediation. Husein Bhadelia did not attend the settlement conference, but his brother, Farooq Bhadelia, and the Bhadelias' attorney did. The Bhadelias' attorney at the mediation was the same attorney who filed the amended complaint.

---

[1]The Bhadelias filed an initial two-count complaint on June 6, 2003. We address the amended complaint because it contains the claims that went to mediation.

3

After more than eleven hours of mediation, Farooq Bhadelia and Marina Club reached a settlement. The settlement agreement is signed by Farooq Bhadelia on behalf of Husein Bhadelia. According to the terms of the settlement, Husein Bhadelia would retain title to the unfinished building, but was subject to certain deadlines for the completion of the unfinished building, and Marina Club would pay $675,000 for title to the amenities, common areas, and two additional parcels of land.

After the parties reached the above settlement, Husein Bhadelia rejected the settlement and claimed that his brother, Farooq Bhadelia, acted outside the scope of his authority in entering into the settlement. Unable to get the Bhadelias to comply with the terms of the settlement, the Marina Club filed a motion to enforce the settlement agreement in federal district court.

C.     Hearing Before the District Court

The district court conducted an evidentiary hearing into whether Farooq Bhadelia had the authority to enter into the settlement agreement on behalf of Husein Bhadelia. As with the settlement conference, Husein Bhadelia did not attend the evidentiary hearing.

At the evidentiary hearing, the mediator testified that he "was told that everybody was represented [at the settlement conference] that could bind the

4

parties to an agreement." Furthermore, Farooq Bhadelia testified that he acted as his brother's agent in selling units in the two completed condominium buildings. Farooq Bhadelia also stated that he acted with his brother's authority when filing the lawsuit against the Marina Club and when beginning the settlement negotiations. Finally, the Bhadelias' attorney testified that "in the past 15 years of representing Mr. [Farooq] Bhadelia, I had never known him to need specific authority from his brother [Husein Bhadelia] to do anything he was doing on behalf of his brother."

At the conclusion of the evidentiary hearing, the district court determined that Farooq Bhadelia acted within the scope of his authority as Husein Bhadelia's agent. Consequently, the district court granted the Marina Club's motion to enforce the settlement agreement.

The Bhadelias appeal.

## II. DISCUSSION

We review a district court's decision to enforce a settlement agreement for an abuse of discretion. Hayes v. Nat'l Serv. Indus., 196 F.3d 1252, 1254 (11th Cir. 1999). Furthermore, we look to state law when determining whether an agent had authority to enter into a settlement agreement. Id.

5

In Florida, a principal is liable for the acts of its agent under both express and apparent authority. Stiles v. Gordon Land Co., 44 So.2d 417, 421 (Fla. 1950). "By apparent authority is meant, such authority as the principal wrongfully permits the agent to assume or which the principal by his actions or words holds the agent out as possessing." Id.

In this case, there is no dispute that Husein Bhadelia authorized Farooq Bhadelia to bring the initial suit against the Marina Club. Furthermore, Farooq Bhadelia acted as Husein Bhadelia's agent in selling condominium units from the finished buildings. Finally, both Farooq Bhadelia and the Bhadelias' attorney testified that Farooq Bhadelia had the authority to enter into settlement negotiations. Given these circumstances, the district court did not err in concluding that Farooq Bhadelia had the authority to settle the lawsuit on Husein Bhadelia's behalf, and, thus, the district court did not abuse its discretion when enforcing the settlement.[2]

**AFFIRMED.**

---

[2]The Bhadelias' remaining issues on appeal, such as the district court's initial denial of their motion to dismiss the Marina Club's counterclaim before sending the case to settlement, are without merit and not discussed further. The settlement agreement resolved the entire case.