[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2008
THOMAS K. KAHN
CLERK

No. 07-14437
Non-Argument Calendar
_____

D. C. Docket No. 03-01189-CV-T-26TGW

MOHAMMED HUSEIN BHADELIA,
an individual and citizen of Karachi, Pakistan,
MOHAMMED FAROOQ BHADELIA,
an individual and citizen of the U.S.A.,

Plaintiffs-Counter-
Defendants,

versus

MARINA CLUB OF TAMPA, HOMEOWNERS ASSOCIATION,
INC., a Florida (F.S. Chapter 720) corporation,

Defendant-Counter-
Claimant-Appellee,

DWAYNE L. GILLISPIE,

Movant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 5, 2008)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Dwayne Gillispie, a pro se respondent who was enjoined by the district court, appeals the district court's order granting a permanent injunction. After review, we affirm.[1]

This appeal arises out of a protracted dispute between plaintiff Husein Bhadelia, the owner of an unfinished condominium building, Building N, and defendant Marina Club of Tampa, the homeowners association for the unit owners in the two completed condominium buildings. After court-ordered mediation, the parties entered into a settlement agreement. Plaintiff Bhadelia then challenged the settlement agreement on appeal, and a prior panel of this Court affirmed. See Bhadelia v. Marina Club of Tampa, 142 Fed. App'x 399 (11th Cir. 2005).

After more proceedings, including the award of contempt sanctions against plaintiff Bhadelia, the Marina Club filed a motion for a temporary restraining order and preliminary injunction, seeking to enjoin plaintiff Bhadelia and his agents, Sunni Bhadelia and appellant Gillispie, from violating the terms of the settlement agreement. After Gillispie filed a response and the district court held a hearing, the

---

[1]We review de novo a district court's application of the law-of-the-case doctrine. Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005). We likewise review de novo a district court's construction of a settlement agreement. Waters v. Int'l Precious Metals Corp., 237 F.3d 1273, 1277 (11th Cir. 2001).

district court granted Marina Club's motion for a preliminary injunction.

Because this Court, in a previous appeal, already rejected challenges to the district court's jurisdiction in this case, we are precluded under the law-of-the-case doctrine from reviewing Gillispie's current challenge to the district court's jurisdiction.[2] Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285-86 (11th Cir. 2004). Furthermore, Gillispie is bound by the district court's injunction because the undisputed record shows that Gillispie was acting as plaintiff Bhadelia's agent, was in "active concert and participation with" plaintiff Bhadelia and had actual notice of the district court's order. See Fed. R. Civ. P. 65(d). Finally, because the terms of the settlement agreement demonstrate the intent of the parties to have the units in Building N be used only as condominium units, the district court did not err in its construction of the settlement agreement.

**AFFIRMED.**

---

[2]We reject Gillispie's claim that the Court did not reach the merits of the district court's jurisdiction in the prior appeal. Plaintiff Bhadelia filed a motion to dismiss Marina Club's counterclaim and argued, inter alia, that the district court lacked subject matter jurisdiction. Bhadelia's brief on appeal raised the same jurisdictional challenge to this Court. In a footnote in our prior panel opinion, this Court stated, "The Bhadelias' remaining issues on appeal, such as the district court's initial denial of their motion to dismiss the Marina Club's counterclaim before sending the case to settlement, are without merit and not discussed further." Bhadelia, 142 Fed. App'x at 402 n.2. Thus, this Court has already rejected the challenge to the district court's jurisdiction over Marina Club's counterclaim.

Even assuming arguendo that Gillispie was correct and there was no subject matter jurisdiction over the counterclaim, Gillispie does not dispute that the district court had subject matter jurisdiction over Bhadelia's complaint against Marina Club and that the parties entered into a settlement agreement resolving the entire case. The district court had jurisdiction to enforce the settlement agreement.

3